**R. L. GARDNER and Ruth Gardner, Plaintiffs-Appellants,**

**v.**

**The NASHVILLE HOUSING AUTHORITY of the Metropolitan Government of Nashville and Davidson County, Tennessee, et al., Defendants-Appellees.**

**Charles H. ADAIR and June P. Adair, Plaintiffs-Appellants,**

**v.**

**The NASHVILLE HOUSING AUTHORITY of the Metropolitan Government of Nashville and Davidson County, Tennessee, et al., Defendants-Appellees.**

**Nos. 72–1141, 72–1142.**

United States Court of Appeals,
Sixth Circuit.

Oct. 18, 1972.

J. Granville Clark, Russellville, Ky., for plaintiffs-appellants.

Joseph L. Lackey, Jr. and Wilson Sims, Nashville, Tenn., for defendants-appellees.

---

Before EDWARDS and McCREE, Circuit Judges, and TUTTLE, Senior Circuit Judge.*

TUTTLE, Senior Circuit Judge.

This appeal resembles, in the legal points at issue, that in Boles v. Greeneville Housing Authority, 6th Cir. 468 F. 2d 476, decided this day. It requires the same disposition.

This case arose from an attack by two sets of plaintiffs, each set being a husband and wife, on the proposed taking of their property, located within the University Center Urban Renewal Area by the defendants, Nashville Housing Authority and Vanderbilt University (alleged to have conspired with Nashville Housing Authority).

It is unnecessary to recite all of the grounds of the complaint because we find ourselves in full agreement with the statement of the trial court.

"The Department of Housing and Urban Development is the authority of the government of the United States which determines that a local area qualifies for federal urban renewal funds. The local housing authority gathers the necessary criteria and formulates the requisite plans to ascertain whether submitting an application to the federal authorities would be appropriate; then the local governing body must adopt and approve the plan in order to demonstrate community sanction for the proposed project. Upon receipt of the application for loan and grant funds, HUD is required to determine if the project qualifies under the applicable federal requirements.

This Court recognizes that a local urban renewal plan must comply with the requirements of the federal *Urban Renewal Manual*, but the determination of compliance is solely the responsibility of HUD. Any arbitrary or capricious decision by HUD which af- fronts the terms of the manual may be subject to adjudication and review in a federal forum, but it is necessary that such an attack be directed against HUD as a party-defendant. *See* Powelton Civil Home Owners Association v. Department of Housing and Urban Development, 284 F.Supp. 809, 827–828 (E.D.Pa.1968)."

■ In this case the trial court determined that the United States District Court did not have subject matter jurisdiction because of the non-joinder of the Secretary of the Department of Housing and Urban Development. We held in the *Greeneville* case that subject matter jurisdiction was established, but that the case should not have proceeded without HUD as an indispensable party. The effect is the same, so far as concerns the propriety of our reaching the merits of the appeal. However, we do conclude that, with proper parties before the court, this is a suit that can be filed in the United States court under 28 U.S.C. A. § 1331. Whatever proceedings were undertaken by the Nashville Housing Authority depended for their vitality and financing on federal statutes 42 U. S.C.A. § 1441, et seq. We think this is clearly a case of federal question jurisdiction.

■ However, as noted in the *Greeneville* case, *supra*, the statute which creates federal court jurisdiction, also makes HUD, the federal agency created to exercise the statutory powers, an indispensable party defendant when the legality of HUD's action under the statute is challenged.

The appeal is dismissed and the case is remanded to the trial court for entry of an order vacating its judgment of dismissal, provided the plaintiffs elect within a reasonable time, to be determined by the trial court, to move to join the proper representatives of the Department of Housing and Urban Development as defendants.

* Honorable Elbert Parr Tuttle, Senior Circuit Judge, Fifth Circuit, sitting by designation.