Kim JONES et al., Plaintiffs-Appellees,

v.

The BOARD OF EDUCATION CLEVE-
LAND CITY SCHOOL DISTRICT
et al., Defendants-Appellants.

Nos. 73–1031, 73–1032.

United States Court of Appeals,
Sixth Circuit.

Argued Feb. 12, 1973.

Decided March 16, 1973.

Charles F. Clarke, Cleveland, Ohio,
for defendants-appellants; Richard B.
Bowles, Squire, Sanders & Dempsey,
Cleveland, Ohio, on brief.

Ronald Pollock, New York City, for plaintiffs-appellees; Lloyd B. Snyder and Edward R. Stege, Jr., Cleveland, Ohio, on brief.

Before PHILLIPS, Chief Judge, and WEICK and LIVELY, Circuit Judges.

PER CURIAM.

The motion to vacate the stay order entered by a single Judge of this Court at a time when the Court was not in session and when exceptional circumstances existed, has been considered and is hereby denied.

The appeals were expedited by order of the Court and have been briefed and argued orally. We need not consider the appeal from a Memorandum of the District Court dated October 31, 1972, as this Memorandum did not constitute a final appealable order, although it was marked by the Clerk of the District Court as a judgment.

The appeal which we consider is from a partial summary judgment entered by the District Court on December 15, 1972, in which the Court ordered that the Board of Education of the Cleveland City School District, the Superintendent of Schools, and the Deputy Superintendent provide school lunch programs by January 8, 1973, for thirty public schools and for thirty additional public schools by April 30, 1973, which shall comply with the requirements of the National School Lunch Act.[1]

The Cleveland City School District consists of about one hundred seventy-eight schools. Free hot lunches are already being served in all but about fifty-four of such schools. The schools so served are especially the needy ones.

Funds to pay the cost and expense of serving the lunches are supplied largely by the Federal Government through the Department of Agriculture. These funds are channeled through state educational officials to the local school districts which agreed to participate in the programs. The state, as well as the local school districts, contribute to the cost of the programs.

Although the State of Ohio educational officials were made parties defendant to the action by the plaintiffs, the District Court made no finding or order against them. The Department of Agriculture was not made a party defendant.

Depositions were taken of officials of the Department of Agriculture by counsel for the School Board. Their testimony was to the effect that the School Board had complied substantially with the Act and the applicable regulations. The depositions were filed with the Clerk of the District Court prior to the entry of the summary judgment, but the District Court declined to consider them.

■■ The construction and interpretation of the statute and applicable regulations by the agency charged with their administration were entitled to be given great weight by the Court. Griggs v. Duke Power Co., 401 U.S. 424, 91 S.Ct. 849, 28 L.Ed.2d 158 (1971); Udall v. Tallman, 380 U.S. 1, 85 S.Ct. 792, 13 L. Ed.2d 616 (1965); Bowles v. Seminole Rock Co., 325 U.S. 410, 65 S.Ct. 1215, 89 L.Ed. 1700 (1945). The District Court erred in not considering the testimony of these officials.

■ Since the Agriculture Department officials apparently have agreed with the School Board and not with the plaintiffs, it was imperative that the Department be made a party defendant in order to bind it by any judgment entered by the Court. The Act certainly did not contemplate that the School Board should bear the entire cost and expense of the school lunch program without contribution from either the state or federal governments. The School Board has been operating at a deficit.

It was the contention of the School Board that it was proceeding in good faith as rapidly as possible with the funds it had, to supply all needy chil-

1. 42 U.S.C. § 1751 et seq.

dren from families with incomes below the national poverty level with free or reduced-cost hot lunches. It was the contention of the plaintiffs that the Board should supply such lunches to all needy children, immediately, in the other fifty-four schools, either by providing cold lunch boxes in such schools where there are no facilities, or by contracting with commercial suppliers with mobile units to provide hot lunches.

The Board on July 7, 1972, made written application to the Department for an allowance of $700,000, to provide a central commissary and a satellite kitchen program for the schools, and to purchase trucks for transportation of the food. Subsequently it applied for $1,-300,000 for the same purposes. The Department has not acted on these applications.

It is not for us to act as a super Board of Education and to tell the duly elected Board members how to operate the public schools. It would seem to us anomalous for the Board to furnish hot lunches in the one hundred twenty-four schools now being served, and to serve cold lunches in the remaining fifty-four schools with which plaintiffs are concerned. We would question the authority of the Board under the provisions of the Act to discriminate against any of the schools within its district. Nor should we instruct the Board to hire independent suppliers when it desires to perform the work with its own employees.

■ In our opinion it was error to enter summary judgment against the Board and its officials as there were disputed issues of both fact and law. S. J. Groves & Sons v. Ohio Turnpike Comm'n, 315 F.2d 235 (6th Cir.), cert. denied, 375 U.S. 824, 84 S.Ct. 65, 11 L. Ed.2d 57 (1963).

■ It was also error to proceed without making the Department of Agriculture a party defendant, as it was an indispensable party to a determination of the issues. Gardner v. Nashville Housing Authority, 468 F.2d 480 (6th Cir.

1972); Boles v. Greeneville Housing Authority, 468 F.2d 476 (6th Cir. 1972). It was also error not to include in its judgment the state educational officials.

The judgment of the District Court is reversed and the cause is remanded with instructions to require the plaintiffs to file an amended complaint making the Department of Agriculture a party defendant; to conduct an evidentiary hearing; to adopt findings of fact and conclusions of law; and to enter judgment in accordance therewith.

Reversed.