539 F.2d 1075
 Robert F. GUESNON, d/b/a Guesnon Construction Co.,
Individually and on Behalf of the Class of All Currently
Unlicensed Construction Contractors Doing Business in the
City of New Orleans, Plaintiffs-Appellees,
v.
Clyde T. J. McHENRY, Executive Director of the Housing
Authority of New Orleans, et al., Defendants-Appellants,
Rudy Barnes Co., Inc., Intervenor-Appellant.
 No. 75-3764.
 United States Court of Appeals,
Fifth Circuit.
 Oct. 4, 1976.
 
 Louis A. Di Rosa, New Orleans, La., for Housing Authority.
 Edmund T. Wegener, Jr., New Orleans, La., for defendants-appellants.
 Sidney M. Bach, New Orleans, La., for plaintiffs-appellees.
 Edmund T. Wegener, New Orleans, La., for Rudy Barnes Co., Inc.
 Appeal from the United States District Court for the Eastern District of Louisiana.
 Before RIVES, GOLDBERG and GEE, Circuit Judges.
 RIVES, Circuit Judge:
 
 
 1
 Plaintiff Robert F. Guesnon, d/b/a Guesnon Construction Company, is an unlicensed construction contractor in New Orleans, Louisiana. Defendant, the Housing Authority of New Orleans (HANO), by authority of La.R.S. 40:391, is the local public housing agency which acts and functions in conjunction with the United States Department of Housing and Urban Development (HUD) as the awarding authority in New Orleans for federally funded housing construction programs approved and financed through HUD. Defendant Clyde T. J. McHenry is the Executive Director of HANO. Rudy Barnes Co., Inc., intervenor, is a licensed construction contractor who submitted the lowest bid on the HANO construction project that is the subject of this controversy.
 
 
 2
 On or about April 1, 1975, Clyde T. J. McHenry, in his capacity as Executive Director of HANO, authorized the issuance of a certain NOTICE TO BIDDERS inviting sealed bids for the furnishing of all labor, equipment, and materials to construct new housing on scattered sites pursuant to Project La. 1-19 (4th Phase). The NOTICE TO BIDDERS included information regarding the procedure to be followed in acquiring additional information and in submitting a bid. It also contained the following limitation:
 
 
 3
 "Specifications, proposal forms or bid forms, will be issued only to a licensed Contractor or to an authorized representative of a licensed contractor. . . ." (Emphasis added.) (App. 59.)
 
 
 4
 In an attempt to comply with this requirement, Guesnon entered into a joint venture with Anthony G. DeVoney, Jr., a licensed contractor, and obtained from HANO a copy of plans, specifications and all forms necessary to submit a bid. However, Guesnon neither individually nor in conjunction with DeVoney ever submitted a bid to HANO concerning Project La. 1-19 (4th Phase).[1] Guesnon did not notify HANO of his opposition to the aforesaid bidding restrictions prior to April 22, 1975, the final date for the submission of bids, and did not make demand on HANO for the opportunity to submit a bid until April 24, 1975, when he requested that the bidding be reopened. HANO rejected this request to re-open the bidding.
 
 
 5
 On May 22, 1975, Guesnon filed a complaint for declaratory and injunctive relief in the United States District Court for the Eastern District of Louisiana. The case was submitted to the court on the parties' stipulation of facts and memoranda of law, and the deposition of Clyde T. J. McHenry. After deliberation, the court held that the challenged restriction contained in the NOTICE was contrary to the "intent and spirit" of HUD Regulation 7415.1, which provides:
 
 
 6
 "The Local Housing Authority, after receiving HUD approval, shall give full opportunity for open and competitive bidding. It shall invite bids from all contractors of whose interest in bidding it is aware. . . ."
 
 
 7
 The court enjoined the defendants from awarding any contract concerning Project La. 1-19 (4th Phase) to Intervenor Rudy Barnes Co., Inc., based on the bid submitted on or prior to April 22, 1975. A further injunction was issued barring the defendants from using a form of notice which restricts the issuance of specifications, proposal forms or bid forms to only licensed contractors or to authorized representatives of licensed contractors. It is from this judgment that defendants appeal.
 
 
 8
 Plaintiff's complaint alleges that jurisdiction was conferred upon the district court under 28 U.S.C. § 1343(3) and § 1331, the amount in controversy exceeding $10,000, exclusive of interest and costs. The action was said to arise under the provisions of the Fourteenth Amendment of the United States Constitution, 42 U.S.C. § 1983 (The Civil Rights Act of 1871); 42 U.S.C. § 3531, et seq. (The Department of Housing and Development Act of 1965); and 28 U.S.C. § 2201 (The Declaratory Judgment Statute).
 
 
 9
 The district court held that jurisdiction was conferred by 28 U.S.C. § 1331, finding that plaintiff was a "citizen" and HANO's action was "state action" within the meaning of the Fourteenth Amendment, and that the controversy met the jurisdictional amount requirement. The court then pretermitted the question of whether jurisdiction could also be obtained under 28 U.S.C. § 1343(3) for a violation of 42 U.S.C. § 1983. The court granted relief not as the result of a constitutional deprivation, but rather on the ground that HANO had violated a federal administrative regulation.
 
 
 10
 We think that the court probably obtained pendent jurisdiction over all causes of action related to the constitutional claim. However, it could properly grant relief based on the HUD regulation only if the regulation gave rise to a claim upon which relief can be granted. Bell v. Hood, 1946, 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939. Plaintiff could not have sued under the Administrative Procedure Act, 5 U.S.C. § 702, because the act of HANO in limiting access to specifications and bid forms to licensed contractors did not constitute "agency action" within the meaning of the statute.[2] Thus the question to be resolved is whether a private cause of action is to be implied from HUD Regulation 7415.1.
 
 
 11
 No case was cited nor has our research uncovered any precedent for the proposition that a private cause of action exists to remedy a violation of this HUD regulation.[3] It is uncertain whether that regulation was adopted by HUD solely for its own administrative use, or also to confer some right or remedy on contractors interested in bidding. Preferably that uncertainty should be resolved with HUD present and having the opportunity to explain the intent of its regulations. We are impressed by the rationale suggested in the opinion of Judge Tuttle sitting by designation in Gardner v. Nashville Housing Authority, 6 Cir. 1972, 468 F.2d 480, 481:
 
 
 12
 "This Court recognizes that a local urban renewal plan must comply with the requirements of the federal Urban Renewal Manual, but the determination of compliance is solely the responsibility of HUD. Any arbitrary or capricious decision by HUD which affronts the terms of the manual may be subject to adjudication and review in a federal forum, but it is necessary that such an attack be directed against HUD as a party-defendant."
 
 
 13
 See also Boles v. Greeneville Housing Authority, 6 Cir. 1972, 468 F.2d 476. We think that the case should be remanded to permit the joinder or appearance of HUD, as a party, or its appearance as amicus curiae, before the district court again decides this issue.
 
 
 14
 As to whether a cause of action under § 1983 can be brought against HANO for a violation of a HUD regulation, we express no opinion since the district court chose to pretermit this question.[4]
 
 
 15
 The judgment of the district court is reversed and the case is remanded to the district court for further proceedings not inconsistent with this opinion.
 
 
 16
 REVERSED AND REMANDED.
 
 
 
 [1]
 The parties stipulated that this failure to submit a bid was due to the inability of DeVoney to secure the necessary financing and because of the aforementioned restriction contained in the NOTICE TO BIDDERS
 
 
 [2]
 HANO is clearly not a federal agency. 5 U.S.C. § 702
 
 
 [3]
 It should be noted that § 253 of Tit. 41 U.S.C., which deals with the letting of public contracts in general, requires "full and free competition" to the extent "consistent with the procurement of types of property and services necessary to meet the requirements of the agency concerned." See also, Note, Implying Civil Remedies from Federal Regulatory Statutes, 77 Harv.L.Rev. 285 (1963). The author of this note makes the following observations pertinent to the instant case:
 "The fact that the regulatory statute is administered by an agency may bear on the question of implication (of a cause of action) in various ways. If the agency has the power to grant the relief sought by the plaintiff and its remedies are available in practice, an additional court-created remedy is generally superfluous. And where the agency has the power but has already refused to grant relief to the plaintiff, a court-created remedy would amount to circumvention of the regular procedure for judicial review of the agency's decisions.
 ". . .jud
 "Some of the federal courts' difficulty in creating civil remedies to fill lacunae in the scheme of administrative enforcement has centered on the doctrine of primary jurisdiction. The doctrine provides, in very general terms, that when Congress has created an administrative agency to regulate within a particular sphere, and a complaint raises issues which lie within the sphere of regulation and require the special competence of the agency, state and federal courts are without jurisdiction to grant relief until these issues have been determined by the agency." Id. at 294, 295.
 
 
 [4]
 Nor has this issue been briefed by the parties