NATIONAL CONFERENCE OF BAR
EXAMINERS and Educational
Testing Service, Plaintiffs,

v.

MULTISTATE LEGAL STUDIES,
INC., Defendant.

No. 78 C 4217.

United States District Court,
N. D. Illinois, E. D.

Jan. 28, 1980.

On Motion to Dismiss Amended
Counterclaim July 31, 1980.

Robert M. Newbury, Martin R. Greenstein, Chicago, Ill., for plaintiffs; Pattishall, McAuliffe & Hofstetter, Baker & McKenzie, Chicago, Ill., of counsel.

Paul F. Stack, John H. Shurtleff, Chicago, Ill., for defendant; Stack & Filpi, Chicago, Ill., of counsel.

DECISION

McMILLEN, District Judge.

Plaintiffs have filed a motion pursuant to F.R.C.P. 12(b)(6) to strike the First, Second and Third affirmative defenses in the defendant's answer and to dismiss the corresponding Counts I, II and III of defendant's counterclaim. Defendant has filed a motion for summary judgment on Count III of its counterclaim which would also dispose of Count I of the Complaint.

Count I of the Complaint seeks to enforce plaintiffs' copyright of the Multistate Bar Examination. Count II, alleging unfair competition, is not involved in the pending motions, and defendant has filed an answer denying the substantive allegations of both counts of the complaint. The counterclaim contains three counts, any one of which would defeat Count I of the complaint if successful.

Defendant seeks summary judgment on Count III of its counterclaim and Count I of the Complaint on the theory that 37 C.F.R. § 202.20(b)(4) and (c)(vi) exceed the statuto-

ry authority of the Register of Copyrights. These regulations were issued pursuant to 17 U.S.C. § 408(c), and defendant alternatively claims that this section of the statute is unconstitutional as being in excess of power granted to Congress by Article I, Section 8, Cl. 8 of the United States Constitution.

■ Although we are tentatively of the opinion that the statute and the regulations are both valid, a contrary decision would result in setting aside either the regulation or both the statute and the regulation. This would merely result in an advisory opinion insofar as the Register of Copyrights is concerned and would leave the validity of the regulation and statute in a questionable posture. Therefore, before acting on such a claim, we prefer to give the Register of Copyrights an opportunity to be heard, as was done, for example, in *Boles v. Greeneville Housing Authority*, 468 F.2d 476 (6th Cir. 1972) and *Guesnon v. McHenry*, 539 F.2d 1075 (5th Cir. 1976). Since the Register has not intervened in this case and may not even be aware of it, we will require the defendant to join her in her official capacity pursuant to F.R.C.P. 19(a).

Defendant's motion for summary judgment on Count III of its counterclaim and on Count I of the complaint is therefore entered and continued, to the extent that the validity of the foregoing statute and regulations are involved. For the same reasons, plaintiffs' motions to dismiss Count III of the counterclaim and to strike the Third Affirmative Defense in the answer are likewise entered and continued.

Remaining for decision are plaintiffs' motion to dismiss Counts I and II of the counterclaim and to strike the corresponding First and Second Affirmative Defenses in defendant's answer. These motions of the plaintiffs should be granted, for the following reasons.

■ Count I of the counterclaim and the First Affirmative Defense of the answer allege that the work done by plaintiffs in preparing and making available the Multi-

state Bar Examination is in effect the work of state bar examiners, and that state agencies do not have the statutory right to obtain copyrights. This is the law with respect to work of the United States government (17 U.S.C. § 105), but there is no such provision relating to state governments. The statute relating to copyrights, 17 U.S.C. § 102, is not restricted to private parties and there is no reason to believe that such a restriction should be implied. In fact, the opposite inference is required when only one specific governmental entity, the United States of America, is excluded from the protection of the Act.

Therefore, as a matter of law, defendant's First Affirmative Defense and Count I of its counterclaim do not state a claim upon which relief can be granted. Since this conclusion is based upon the statute, it is not necessary to determine whether the plaintiff corporations act only as agents of state governments or whether their customers, the bar examiners of the various states, are themselves state agencies.

Count II of the counterclaim and the Second Affirmative Defense in defendant's answer allege that the Multistate Bar Examination is not copyrightable under 17 U.S.C. § 102(a). This section provides in its entirety:

*Subject matter of copyright: In general*

(a) Copyright protection subsists, in accordance with this title, in original works of authorship fixed in any tangible medium of expression, now known or later developed, from which they can be perceived, reproduced, or otherwise communicated, either directly or with the aid of a machine or device. Works of authorship include the following categories:

(1) literary works;

(2) musical works, including any accompanying words;

(3) dramatic works, including any accompanying music;

(4) pantomimes and choreographic works;

(5) pictorial, graphic, and sculptural works;

(6) motion pictures and other audiovisual works; and

(7) sound recordings.

■ Defendant does not contend that the plaintiffs' examination is not original but contends it is not a "literary work" and not an "original work of authorship," as defined in the above section. Thus the plaintiffs' motion to strike is based on a question of statutory interpretation, not a question of fact. We find and conclude that bar examinations are "writings" prepared by "authors" which are copyrightable under Article I, Section 8, Cl. 8 of the Constitution of the United States. See *Goldstein v. California*, 412 U.S. 546, 561, 93 S.Ct. 2303, 2312, 37 L.Ed.2d 163 (1973).

The categories contained in subparagraphs (1) through (7) of the above section are not all-inclusive. On the contrary, the second sentence of subparagraph (a) merely states that works of authorship *include* the specified categories. The House Report which accompanied this statute in 1976 stated:

> The use of the word "include" . . . makes clear that the listing is "illustrative and not limitative," and that the seven categories do not necessarily exhaust the scope of "original works of authorship" that the bill is intended to protect. Rather, the list sets out the general area of copyrightable subject matter, but with sufficient flexibility to free the courts from rigid or outmoded concepts of the scope of particular categories. . . . [1976 U.S. Code Cong. & Ad. News at 5659, 5666.]

Thus as a matter of law, Count II does not state a claim upon which relief can be granted. Plaintiffs' motion to strike admits the well-pleaded allegations of Count II, but we do not understand defendant's allegations to be pleading any issue of fact, such as whether the plaintiffs' examinations are "original." If such an issue had been raised by a motion for summary judgment, our approach to this matter would be different, but defendant itself has treated plaintiffs' motion as raising only questions of law.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that plaintiffs' motion to dismiss Count I and Count II of the counterclaim and to strike the First and Second Affirmative Defenses of defendant's answer is granted. Defendant is ordered to amend Count III of its counterclaim to make the Register of Copyrights a party defendant and to issue summons against him, within ten (10) days hereof.

## ON MOTION TO DISMISS AMENDED COUNTERCLAIM

This is a complaint charging defendant with copyright infringement and unfair competition, to which the defendant has filed an Amended Counterclaim. The Amended Counterclaim in essence alleges that plaintiffs' copyright is invalid and unenforceable. The Register of Copyrights was joined in order to contest the validity of the regulations under which plaintiffs' copyright was obtained. The parties have filed motions to dismiss Count III of the Amended Counterclaim and the pleadings related thereto, all involving the validity of the Register's regulations.

Involved in the registration is the Multistate Bar Examination which has been produced by the plaintiff corporation and filed with the Register of Copyrights in such form that the questions and answers cannot be copied by the public. This procedure follows 37 C.F.R. (1979) § 202.20 which allows a "secure test" to be filed with the Register and then retrieved, leaving only an excised document on file. The foregoing regulation was issued by the Register of Copyrights pursuant to 17 U.S.C. § 408(c)(1) which statute provides:

> The Register of Copyrights is authorized to specify by regulation the administrative classes into which works are to be placed for purposes of deposit and registration, and the nature of the copies or phonorecords to be deposited in the various classes specified. *The regulations may require or permit, for particular classes, the deposit of identifying material instead of copies or phonorecords*, the deposit of only one copy or phonorecord

where two would normally be required, or a single registration for a group of related works. . . . [emphasis added]

Section 202.20(c)(vi) exempts a "secure test" from normal deposit requirements:

In the case of tests, and answer material for tests, published separately from other literary works, the deposit of one complete copy will suffice in lieu of two copies. In the case of any secure test the Copyright Office will return the deposit to the applicant promptly after examination: *Provided*, That sufficient portions, description, or the like are retained so as to constitute a sufficient archival record of the deposit.

Section 202.20(b)(4) defines a "secure test" as:

. . . a nonmarketed test administered under supervision at specified centers on specific dates, all copies of which are accounted for and either destroyed or returned to restricted locked storage following each administration. For these purposes a test is not marketed if copies are not sold but it is distributed and used in such a manner that ownership and control of copies remain with the test sponsor or publisher.

Count III of the Amended Counterclaim alleges that Regulation 202.20 goes beyond the authority delegated to the Register of Copyrights by § 408(b) of the Copyright Act. It further alleges that, if the regulation is within the scope of § 408(c)(1), then that section of the statute is unconstitutional. Thus the pending motions raise questions of law only.

■ We find and conclude that § 408(c)(1) is sufficiently broad and specific to accommodate the regulation subsequently adopted by the Register. The legislative history of this recent enactment does not bear upon the question of secure tests and is not helpful in ascertaining Congress' intent on this subject, but the language of the statute itself, permitting the filing of "identifying material" is sufficient to support the Register's authority to issue these particular regulations. Since a statute cannot be expected to cover every specific situation that may arise in the future, we find and conclude that we need go no further than to rely upon the foregoing language of § 408(c)(1). Cf. *Consumer Product Safety Commission v. GTE Sylvania, Inc.*, —— U.S. ——, ——, 100 S.Ct. 2051, 2055, 64 L.Ed.2d 766 (1980). We can also rely on the "bootstrap" argument to the effect that an agency's interpretation of a statute defining its jurisdiction and authority is entitled to considerable weight. See generally *Zenith Radio Corp. v. United States*, 437 U.S. 443, 450–51, 98 S.Ct. 2441, 2445–2446, 57 L.Ed.2d 337 (1978).

Counter-plaintiff next contends that the Multistate Bar Examination is an "unpublished" work, with which we agree. 17 U.S.C. § 101 defines "publication" as the distribution of copies of a work to the public "by sale or other transfer of ownership, or by rental, lease, or lending." The tests in this case are temporarily distributed to the persons taking them and are retrieved at the end of the testing period. There is no sale or other transfer of ownership, and the "lending" is at most a fiction.

If the tests are not published (concerning which there is no genuine issue of material fact), then counter-plaintiff contends that Regulation 202.20(c)(vi) (quoted above at p. 36) conflicts with the following underlined provisions of 17 U.S.C. § 704(d):

Deposits not selected by the Library [of Congress] under subsection (b), or identifying portions or reproductions of them, shall be retained under the control of the Copyright Office, including retention in Government storage facilities, for the longest period considered practicable and desirable by the Register of Copyrights and the Librarian of Congress. After that period it is within the joint discretion of the Register and the Librarian to order their destruction or other disposition; but in the case of unpublished works, no deposit shall be knowingly or intentionally destroyed or otherwise disposed of during its term of copyright unless a facsimile reproduction of the entire deposit has been made a part of the Copyright Office records as provided by subsection (c). [emphasis added]

Section 704(d) must be read, however, in conjunction with 17 U.S.C. § 408(c)(1) which has been quoted above, p. 36. Section 408(c)(1) permits the deposit of "identifying material instead of copies." Therefore, the term "entire deposit" which appears in § 704(d) must refer to the excised copies. Otherwise the two sections, which were enacted at the same time, would be inconsistent with each other, thereby violating another fundamental rule of statutory construction.

■ To adopt the defendant's version of § 704(d) also would make the Copyright Act unavailable for protecting a secure test. We must assume that acts of Congress are passed for beneficial purposes, not for their frustration. This is particularly the case with respect to protecting the interests of creators of original works. We therefore find and conclude that Congress intended the Copyright Act to afford protection to creative but confidential material such as the secure tests involved in this case, the beneficial purposes of which would be somewhat defeated by publication of each annual version.

■ Finally, defendant contends that Regulation 202.20 does not conform to the copyright clause of Article I, § 8 of the Constitution of the United States. We find no merit in defendant's argument that the failure to require a complete deposit for copyright purposes is contrary to the public interest as expressed in the Constitution. See *Washingtonian Publishing Co. v. Pearson*, 306 U.S. 30, 41–42 (1939).