**UNITED STATES of America, Plaintiff,**

v.

**STARRETT CITY ASSOCIATES, Starrett City, Inc. Delmar Management Company, Defendants.**

**No. 84 CV 2793 (ERN).**

United States District Court,
E.D. New York.

April 2, 1985.

William .Bradford Reynolds, Asst. Atty. Gen., U.S. Dept. of Justice, Civil Rights Div., Housing and Civil Enforcement Section by Linda F. Thome, Washington, D.C., for plaintiff.

Paul, Weiss, Rifkind, Wharton & Garrison by Morris B. Abram, Peter Buscemi, Michael G. Carey, New York City, for defendants.

## MEMORANDUM AND ORDER

NEAHER, District Judge.

Following upon the public announcement in May 1984 that the parties in *Arthur v. Starrett City Associates, et al.,* 89 F.R.D. 542 (E.D.N.Y.) had agreed upon a settlement which, if approved by the Court, would terminate that litigation, the Attorney General of the United States filed this civil action against the Starrett defendants only (hereinafter "Starrett"). The government's complaint, as in the *Arthur* suit, alleges in substance that Starrett discriminates on the basis of race, color and nation-

al origin in the rental of its apartments, in violation of Title VIII of the Civil Rights Act of 1968, 42 U.S.C. § 3601 *et seq.*[1] The government states that the complaint was filed "to place before the Court the issue joined but expressly left unresolved by the parties in the proposed consent decree in *Arthur* ... that is, the legality of defendants' policy and practice of limiting the number of apartments available to minorities in order to maintain a prescribed degree of racial balance at the Starrett City housing complex."[2]

The proposed consent decree in *Arthur,* which is presently under consideration by the Court, explicitly provides in ¶ 14 that

"The Court has made no findings of violation of law or of the legality of the practices complained of. No party, by entering into this settlement, admits or is deemed to admit any violation of law or the legality of the practices complained of at Starrett City."

Obviously, the legality of Starrett's rental practices at Starrett City will remain an open question even if the proposed consent decree is approved by the Court.

Starrett has nonetheless moved to dismiss the present action on the ground that the government's previous refusal to intervene in the *Arthur* suit precludes further litigation under the doctrine of judicial estoppel. That doctrine is limited to changes of position in judicial proceedings, 1B Moore's Federal Practice, ¶ 0.405[8], at 239 (2d ed. 1983), and "[i]ts essential function and justification is to prevent the use of 'intentional self-contradiction ... as a means of obtaining unfair advantage in a forum provided for suitors seeking justice.'" *Allen v. Zurich Ins. Co.,* 667 F.2d 1162, 1167 (4th Cir.1982); *Accord Tenneco Chemicals v. William T. Burnett & Co.,* 691 F.2d 658, 665 (4th Cir.1982); Moore's supra, at 243 (in the absence of clear fraud the assertion of a legal conclusion or opinion will not result in preclusion).

Judicial estoppel has not been embraced by all jurisdictions, *Konstantinidis v. Chen,* 626 F.2d 933, 938 (D.C.Cir.1980); the standard of proof necessary to show judicial estoppel is not uniform, *Garcia v. Andrus,* 692 F.2d 89, 94 (9th Cir.1982); and where applied, the principle has been applied with caution, only to positions which were legally relevant in the prior proceeding, *Allen v. Zurich Ins. Co., supra.* Moreover, it is less than clear whether the doctrine has vitality in the Second Circuit. *See United States v. Bedford Associates,* 713 F.2d 895, 904 (2nd Cir.1983); *Universal City Studios v. Nintendo Co.,* 578 F.Supp. 911, 920–921 (S.D.N.Y.1983), aff'd 746 F.2d 112 (2d Cir.1984); *but cf. Sperling v. United States,* 692 F.2d 223, 227–229 (2nd Cir. 1982) (Van Graafeiland, J., concurring), *cert. denied,* 462 U.S. 1131, 103 S.Ct. 3111, 77 L.Ed.2d 1366 (1983). In a court which does embrace it, the doctrine has been defined as follows:

"The doctrine of judicial estoppel applies to a party who has successfully and unequivocally asserted a position in a prior proceeding; he is estopped from asserting an inconsistent position in a subsequent proceeding.... Judicial estoppel ... is intended to protect the integrity of the judicial process ... The essential function of judicial estoppel is to prevent intentional inconsistency; the object of the rule is to protect the judiciary, as an institution, from the perversion of judicial machinery.... Judicial estoppel addresses the incongruity of allowing a party to assert a position in one tribunal and the opposite in another tribunal. If the second tribunal adopted the party's inconsistent position, then at least one court has probably been misled."

*Edwards v. Aetna Life Insurance Company,* 690 F.2d 595, 598–599 (6th Cir.1982) (citations omitted).

**1.** Section 3604 of Title VIII prescribes that "it shall be *unlawful—*

  (a) To refuse to sell or rent ... or otherwise make unavailable or deny, a dwelling to any person because of race, color, religion, sex, or national origin," (emphasis added).

**2.** Response of the United States in Opposition to the Defendants' Motion to Dismiss at 1.

The essential elements for the application of judicial estoppel gleaned from the foregoing authorities appear to be (1) an unequivocal assertion of law or fact by a *party* in one judicial proceeding, (2) the assertion by that party of an intentionally inconsistent position of law or fact in a subsequent judicial proceeding, (3) in order to mislead the Court and obtain unfair advantage as against another party. In the Court's opinion not one of those elements has been established in the scenario the Starrett defendants have depicted.

The prior judicial proceeding here was, of course, the *Arthur* suit. Shortly after the complaint was filed, the Starrett and State defendants moved pursuant to Rules 12(b)(7) and 19 to dismiss the complaint for failure of the *plaintiffs* to join the federal Department of Housing and Urban Development (HUD) as an indispensable party defendant. Copies of defendants' motions were also served upon the United States Attorney. The *Arthur* plaintiffs strenuously opposed defendants' motions, pointing out that HUD was neither an indispensable nor a necessary party under Rule 19(a). HUD, speaking through the United States Attorney, similarly opposed being joined as a defendant, pointing out that the *Arthur* complaint contained no allegation that HUD was in any way involved in the alleged violations attributed to defendants or had violated any statutory duty.

Satisfied that no justification had been shown requiring the plaintiffs to implead HUD, the Court denied defendants' motions, concluding that their

"attempted implication of HUD based. upon the latter's approval of the Starrett AFHM [Affirmative Fair Housing Marketing] plan might more accurately be characterized as a defense on the merits

rather than a cause for dismissal [of the *Arthur* complaint] under Rule 12(b)(7).... Here, the chain of events that defendants suggest will result from the grant of relief sought in this [*Arthur*] action is far too remote to support a finding that Starrett faces a "substantial" risk of inconsistent obligations if HUD is not bound by the judgment in the case."

*Arthur v. Starrett City Associates,* 89 F.R.D. 542, 546, 547 (E.D.N.Y.1981).[3]

The record in the *Arthur* case plainly reveals that Starrett cannot satisfy even the first element requisite for the invocation of judicial estoppel in the government's present case. Neither the government nor any of its agencies was in fact a party in *Arthur* and Starrett's oblique efforts to implead HUD were firmly resisted. Strongly disavowed also was Starrett's apparent assumption that HUD supported racially based tenant selection practices at Starrett City. In letters to the Court dated March 31, 1980 and February 24, 1981, HUD stated unequivocally that it had not approved or required any of the discriminatory practices alleged in the *Arthur* complaint, and that if those allegations were true, the defendants were acting in violation of HUD conciliation agreements, HUD regulations and the provisions of the Fair Housing Act.

Starrett also fails to meet the second and third requisites for the application of judicial estoppel to bar the government's action.[4] The assertion of an intentionally inconsistent position of law or fact on the part of the government is wholly absent. The government's position in the present action does nothing more than reaffirm the *Arthur* plaintiffs' allegations that Starrett

---

**3.** Although the matter is now academic, Starrett's attention was called to the proper procedure to be followed, if it really desired HUD's presence in the *Arthur* action. As the Court pointed out, Starrett could have joined HUD as a party defendant, *see Boles v. Greeneville Housing Authority,* 468 F.2d 476 (6th Cir.1972), or requested its participation as *amicus curiae, see Guesnon v. McHenry,* 539 F.2d 1075, 1078 (5th Cir.1976). *Arthur,* 89 F.R.D. at 548. Starrett's

failure to avail itself of those options strongly suggests its early recognition that HUD would not endorse Starrett's rental practices.

**4.** Assuming that the doctrine of judicial estoppel would have any application where, as seemingly is the case here, the Attorney General is exercising his unreviewable prosecutorial discretion in a case of general public importance.

has been and is employing racial quotas to deny housing to minority applicants in violation of Title VIII. Thus there is no inconsistent position on the government's part designed to play "fast and loose" with the Court or obtain an unfair advantage as against Starrett.

Accordingly, defendants' motion to dismiss the complaint is denied.

SO ORDERED.