Requestor: Hon. Margarita Rosa, Commissioner State Division of Human Rights 55 West 125th Street New York, New York 10027
Written by: Robert Abrams, Attorney General
Your counsel has asked several questions in connection with the agreement between the Division of Human Rights ("the Division") and the Fund for the City of New York to develop a case-tracking and document generation computer program known as CTS. Your counsel's request for an opinion recites that the Division has invested substantial funds in the development of CTS and that other human rights agencies in New York State have expressed an interest in CTS.
Your counsel asks, first of all, whether the State or its agencies can own a copyright for a computer software program developed with State funds. There is no impediment to copyright ownership by a state or one of its agencies. See, National Conference of Bar Examiners v MultistateLegal Studies, Inc., 495 F. Supp. 34 (ND Ill 1980), affd, 692 F.2d 478
(7th Cir 1982), cert denied, 464 U.S. 814 (1983).
Your counsel next inquires whether the copyright should be registered in the name of the State of New York or of the Division. There is no legal reason to prefer either the State or the agency as the copyright registrant. Registration is not a condition of copyright, per se. See,17 U.S.C. § 408(a). The primary purpose of registration is as a prerequisite to an infringement action. See, id., § 411(a). In the event of such an action, there is no difference between the quantum of rights the State and the Division would possess as copyright holder. Because a copyrighted work should contain a copyright notice, which must include the name of the copyright owner, see, id., § 401(b)(3), it may be preferable to make the Division rather than the State the owner and thus identify to all potential infringers and licensees who encounter CTS the precise agency involved in overseeing the program. But it is not necessary to do this.
Finally, your counsel asks whether a copyright can be jointly registered in the names of the State or the Division and the Fund for the City of New York. There is certainly no impediment to joint copyright ownership.See, Weissman v Freeman, 868 F.2d 1313 (2d Cir), cert denied,110 S Ct 219 (1989);17 U.S.C. § 201(a). Indeed, if the State and the Fund are in fact co-owners of CTS, they should register jointly, for the certificate of copyright registration, which bears the name of the copyright owner(s), is prima facie evidence of ownership by the listed owner(s). 17 U.S.C. § 410(c).