GUIDRY, Judge.
The Broussard Housing Authority, garnishee in a proceeding against Belnue, Incorporated and Huey Henry Breaux, appeals a judgment in favor of plaintiffs, Robert and Betty Southard, and against the Housing Authority on a Judgment Pro Confesso and dismissing the Housing Authority’s rule for injunction filed in connection with said judgment. We affirm.
Plaintiffs, Robert C. and Betty Sue Mitchell Southard (the Southards), sued defendants, Belnue, Inc. and Huey Henry Breaux, on a promissory note and obtained judgment, in solido, in the amount of $178,-000 together with interest at the rate of 12% per annum from December 1, 1989 until paid plus attorney’s fees in the amount of 10% of the principal and interest and for all costs of the proceeding. Judgment was rendered April 11, 1991 and, when no appeal was taken, became final.
Thereafter, on August 8,1991, the South-ards filed a garnishment proceeding against the Broussard Housing Authority (BHA) and others in an attempt to collect the judgment. BHA’s director, Leroy Smith, did not answer the interrogatories, but rather forwarded them to BHA’s attorney who informed plaintiffs that BHA felt it was immune from garnishment proceedings under the doctrine of sovereign immunity. BHA claimed it was both a state agency under La.R.S. 40:391 and a federal agency under the U.S. Housing Act of 1937, 42 U.S.C.S. § 1437, et seq.
In his ruling in favor of plaintiffs, the trial judge stated that the Southards’s sought to “... only garnish those rent payments which would otherwise be due Belnue, a private entity”. The trial judge went on to state that the funds sought to be garnished were “... earmarked and ... owed to Belnue by the BHA for rental payments [and] ... have clearly been severed from treasury control and are accordingly not subject to a sovereign immunity claim”.
On appeal, BHA argues that the trial court erred in the following respects: (1) in finding the state waived its immunity as to the seizure of BHA assets to satisfy a judgment; and, (2) in finding federal law does not prohibit the seizure of the funds sought to be garnished.
As a state agency, BHA argues that its funds are immune from seizure under La. Const, art. 12, Sec. 10(C) and/or La.R.S. 13:5109(B)(2).
La. Const, art. 12, Sec. 10(C) states:
(C) Procedure; Judgments. The legislature shall provide a procedure for suits against the state, a state agency, or a political subdivision. It shall provide for the effect of a judgment, but no public property or public funds shall be subject to seizure. No judgment against the state, a state agency, or a political subdivision shall be exigible, payable, or *29 paid except from funds appropriated therefor by the legislature or by the political subdivision against which judg: ment is rendered.
La.R.S. 13:5109(B)(2) states:
(2) Any judgment rendered in any suit filed against the state, a state agency, or a political subdivision, or any compromise reached in favor of the plaintiff or plaintiffs in any such suit shall be exigible, payable, and paid only out of funds appropriated for that purpose by the legislature, if the suit was filed against the state or a state agency, or out of funds appropriated for that purpose by the named political subdivision, if the suit was filed against a political subdivision.
We find BHA’s reliance on the foregoing article, statute and the cases cited in support of their argument to be misplaced. The Southards did not sue and obtain a judgment against a state agency. They sued and obtained judgment against a private corporation, Belnue, and a private citizen, Huey Henry Breaux. That corporation, through its president, Huey Henry Breaux, had contracted with BHA to provide low income housing to a number of individuals in exchange for rent subsidies to be paid by BHA directly to Belnue. We find this situation to be specifically covered by La.R.S. 13:3881(0) which states:
C. The state of Louisiana expressly waives any immunity from suit insofar as the garnishment of the nonexempt portion of the wages, salaries, commissions, or other compensation of public officials, whether elected or appointed, public employees, or contractors is concerned, of itself, its agencies, boards, commissions, political subdivisions, public corporations, and municipal corporations.
We further find that any doubt as to the legislative intent of this statute is put to rest by the comments which state in pertinent part: “The primary reason for this amendment was to remove all doubt that the wages, salaries, and other compensation of public employees and contractors were subject to garnishment”. (Emphasis ours)
In its second allegation of error, BHA argues federal law bars the seizure of the funds administered by BHA inasmuch as BHA is a federal agency and the funds sought to be garnished are federal funds. It is clear that local public housing agencies, including BHA, are not federal agencies. See Guesnon v. McHenry, 539 F.2d 1075 (5th Cir.1976), and 5 U.S.C. § 702. Thus, BHA has no claim to federal sovereign immunity and appellant’s argument that federal law provides only limited waiver of immunity is untenable.
Admittedly, the funds in possession of BHA are federal funds, however, they are nonetheless subject to garnishment. Over fifty years ago, in Federal Housing Administration v. Burr, 309 U.S. 242, 60 S.Ct. 488, 84 L.Ed. 724 (1940), the U.S. Supreme Court ruled that in garnishment proceedings federal funds in the hands of the FHA, an agency which can sue and be sued, which had been “... severed from Treasury funds and Treasury control are subject to execution”.
In this case, the funds which plaintiffs seek to garnish are “twice removed” from Treasury control. The funds are first turned over to the Department of Housing and Urban Development (HUD), an agency which administers the FHA and which itself can sue and be sued. See 12 U.S.C.S. § 1702. The funds are then transferred from HUD’s Fort Worth office to BHA’s bank account at the First National Bank of Lafayette on the first of each month. Once the money reaches the First National Bank, BHA draws a check against the funds in favor of Belnue. At this last juncture, where plaintiffs seek to assert their claim, the funds have clearly been severed from the U.S. Treasury and Treasury control, are under control of BHA and are clearly subject to garnishment (execution). See FHA v. Burr, supra.
Accordingly, for the reasons stated, the judgment of the trial court is affirmed. All costs of this appeal are assessed against appellant, the Broussard Housing Authority.
AFFIRMED.