782 A.2d 956

IN THE MATTER OF THE APPLICATION FOR
A RENTAL INCREASE AT ZION TOWERS
APARTMENTS (HMFA # 2).

Superior Court of New Jersey
Appellate Division

Argued October 10, 2001—Decided October 29, 2001.

Before Judges CIANCIA, PARRILLO and BILDER.

*Jessica A. Roth* argued the cause for appellant Samuel Rivers (*Gibbons, Del Deo, Dolan, Griffinger & Vecchione,* attorneys; *Lawrence S. Lustberg* and *Ms. Roth,* of counsel; *Ms. Roth* on the brief).

*Darryl D. Applegate,* Deputy Attorney General, argued the cause for respondent New Jersey Housing and Mortgage Finance Agency (*John J. Farmer, Jr.,* Attorney General, attorney; *Michael Haas,* Assistant Attorney General, of counsel; *Mr. Applegate* and *Carol Johnston,* Deputy Attorneys General, on the brief).

The opinion of the court was delivered by

PARRILLO, J.A.D.

This is an appeal from a New Jersey Housing and Mortgage Finance Agency (HMFA) recommendation to the United States Department of Housing and Urban Development (HUD) to approve a rental increase at Zion Towers Apartments (Zion Towers), a rental housing project owned and operated by Zion Towers

Incorporated (Sponsor). Appellant Samuel Rivers, a tenant at Zion Towers, challenges HMFA's decision as being arbitrary and capricious and in contravention of governing regulations. A threshold issue is whether this appeal is properly before us. We hold it is not. HMFA's recommendation to approve the rental increase does not constitute final agency action and is, therefore, not appealable. Even if it were, principles of comity and federalism would require us to stay our hand.

The material facts are not in dispute. Zion Towers is a large apartment complex in Newark, New Jersey, owned by the Sponsor, a non-profit corporation. The building consists of 268 rental units housing primarily low-income families. The apartment complex is financed, subsidized, and regulated pursuant to the National Housing Act (Act), 12 *U.S.C.A.* §§ 1701 to –50 (1970), implemented through HUD. *See* 24 *C.F.R.* § 200.1.3 (1977). HUD provides funding and mortgage subsidies to private building owners in exchange for their provision of low income housing through the "Section 236" program of the Act. 12 *U.S.C.A.* § 1715z–1. As part of its "Section 236" Rental Assistance Payment (RAP) program, HUD covers 100% of the necessary rent increases for eligible tenants, who comprise 90% of Zion Towers' housing units. 12 *U.S.C.A.* § 1715z–1(f)(2), –1(f)(4). Zion Towers also receives financial assistance from HUD through periodic interest reduction payments made on behalf of the owner (Sponsor) Zion Towers, Inc. *See* 12 *U.S.C.A.* § 1715z–1(a), –1(r).

HUD delegates primary responsibility for the administration of Section 236 funds to state or local governmental agencies, 12 *U.S.C.A.* § 1715z–1(*o*), (p), such as the HMFA in New Jersey. The HMFA was established by the New Jersey Housing and Mortgage Finance Agency Law of 1983, *L.* 1983, *c.* 530, and is charged with maintaining "adequate and affordable housing in the State." *N.J.S.A.* 55:14K–2(e)(2). In accordance with its statutory mission, the HMFA initially financed Zion Towers by a first mortgage in the amount of $5,413,000 through bond anticipation notes. The HMFA also holds subordinate mortgages on Zion

Towers. In exchange for low cost financing, the Sponsor agreed to regulatory control by the agency, including HMFA review and approval of rent increases pursuant to regulations, *N.J.A.C.* 5:80–9.1 to 9.14, promulgated by the HMFA. *N.J.S.A.* 55:14K–63.

On account of federal assistance, HMFA's approval of rent increases is subject to approval by HUD, 24 *C.F.R.* § 245.10; 24 *C.F.R.* § 245.330(b); *N.J.A.C.* 5:80-9.8; *N.J.A.C.* 5:80–9.7(b)(1), and in fact is governed by HUD statutes and regulations. 12 *U.S.C.A.* § 1715z–1(e). The final decision on any rent increase for Zion Towers is made by HUD and includes a review of the HMFA's initial approval. HUD's determination, following its review of the state agency's, is made pursuant to regulations that generally mirror state rules governing the HMFA's rent increase approval process, but the federal regulations prevail where inconsistent. *N.J.A.C.* 5:80–9.2.

Under current regulations, it is incumbent upon the owner to notify tenants of prospective rent increases, *N.J.A.C.* 5:80–9.6, and the reasons therefor, *N.J.A.C.* 5:80–9.4(a)(4). All tenants are accorded the right to inspect the rent increase application, file objections, or otherwise comment upon the proposed increases. 24 *C.F.R.* § 245.310, § 245.330(a)(1); *N.J.A.C.* 5:80–9.6(a)(4), – (a)(5). The owner is obliged to submit its application to the HMFA, *N.J.A.C.* 5:80–9.4(a), in conformance with the requirements of both agencies. *N.J.A.C.* 5:80–9.1 to 9.14; 24 *C.F.R.* § 245.305 to .330. The HMFA is to provide written notice of the reasons for its decision approving any rent increase, *N.J.A.C.* 5:80–9.11(a), and then forward the rent increase application to HUD for final action. *N.J.A.C.* 5:80–9.7(b)(1), –9.8(b). The HMFA is to notify the owner of HUD's final decision. 24 *C.F.R.* § 245.330(d); *N.J.A.C.* 5:80–9.11.

On March 31, 1999, the Sponsor notified Zion Towers tenants, through its managing agent, that it was applying for a two-percent rental increase with the HMFA and invited the tenants to submit written comments within thirty-days to either the HMFA or the

Sponsor. That same day, the managing agent submitted the two-percent rental increase application to the HMFA.

After reviewing the rental increase application, the HMFA notified the managing agent that certain operating reports were not included in the application package. Those reports were forwarded to the HMFA on or about April 19, 1999. The tenant comment period was extended an additional thirty-days because of this delay, affording tenants nearly two months to respond. Notices to that effect were posted at Zion Towers.

Appellant, through his attorney, submitted comments to the HMFA in May and June 1999 in opposition to the rental increase [1] and requested an administrative hearing.[2] On June 9, 1999, the HMFA answered in writing, denying the request for a hearing but fully responding to appellant's comments.

On June 11, 1999, the HMFA approved the two-percent rent increase and several days later forwarded the application to HUD for review and final approval. In January 2000, HUD approved the increase and, on February 4, 2000, the HMFA notified the managing agent of HUD's final approval for a two-percent rent increase, which amounted to $18 per month. The tenants were given final notice of the increase on February 28, 2000, effective April 1, 2000. This appeal follows.

The threshold issue, as noted, concerns our jurisdiction to review HMFA's approval of Zion Towers' rental increase application. This issue, in turn, depends on whether HMFA's decision constitutes final agency action reviewable in this court.

---

[1] Appellant challenged: (1) the status of Zion Towers as a housing sponsor; (2) certain procedures followed by the managing agent in submitting the application; and (3) the validity of the rental increase request.

[2] According to HMFA regulations, only "projects not subject to HUD approval" are eligible for an administrative hearing. *N.J.A.C.* 5:80–9.10. Because Zion Towers is a Section 236 property, its application is subject to HUD approval and, therefore, is not entitled to a hearing before the HMFA.

 Clearly we have the authority to "review final decisions of actions of any state administrative agency or officer...." *R. 2:2–3(a)(2).* Administrative agency decisions become final when the decision-making process is complete and "its effects [are] felt in a concrete way by the challenging parties." *N.J. Civil Serv. Ass'n v. State,* 88 *N.J.* 605, 612, 443 *A.*2d 1070 (1982). *See also In re Donohue,* 329 *N.J.Super.* 488, 494, 748 *A.*2d 598 (App.Div.2000) (stating that "administrative determination must be final as to all parties and all issues" to be appealable). Stated otherwise, agency action is final where it marks the "consummation of the agency's decisionmaking process," and is one from which "legal consequences flow." *Bennett v. Spear,* 520 *U.S.* 154, 178, 117 *S.Ct.* 1154, 1168, 137 *L.Ed.*2d 281, 305 (1997) (citations omitted).

 Here, the HMFA issued an initial or interim decision subject to final review by HUD. It was final neither as to all parties nor all issues. Consequently, the effect of HMFA's interlocutory decision was not felt "in a concrete way," and no legal consequences flowed therefrom. On this score, HMFA's regulations prescribe that "rent increase applications shall be submitted to and are subject to approval by HUD...." *N.J.A.C.* 5:80–9.8(a). *See also N.J.A.C.* 5:80–9.7(b)(1). The regulatory scheme makes clear that HUD, not the HMFA, renders the "final decision" to approve a rent increase application. *N.J.A.C.* 5:80–9.8(b) ("... the Agency will forward the rent increase application to HUD for *final* action. The Agency will notify the housing sponsor of *HUD's final decision.*") (emphasis added.)

HMFA involvement in rent increase requests is governed by HUD statutes and regulations. 12 *U.S.C.A.* § 1715z–1(e). HMFA must act in accordance with federal prescriptions and state regulations, where inconsistent, are subordinate to those of HUD. *N.J.A.C.* 5:80–9.2. With regard to rent increases, "[i]f the [state] agency determines to approve or adjust the [rent increase] request, it must submit to the appropriate local HUD office the mortgagor's requests for approval of an increase...." 24 *C.F.R.* § 245.330(b). The comments to the federal regulation provide:

§ 245.330(d) has been revised to make it clear that it is the final disposition of the mortgagor's request that is referred to and not an agency's initial determination to approve a request. The final disposition is either the agency's determination to disapprove the mortgagor's request or HUD's determination following its review of an agency's.

[Federal Register, Vol. 50, No. 155, page 32400 (August 12, 1985).]

Simply put, rent increases cannot be effectuated at Section 236 properties without HUD's approval. Therefore, the interim determination of the HMFA is merely advisory in nature and not binding on HUD. "Opinions of an administrative agency on which no action is based do not constitute 'final agency action' which would be subject to appeal as of right." *In re Executive Comm'n on Ethical Standards re: Appearance of Rutgers Attorneys,* 222 *N.J.Super.* 482, 488, 537 *A.*2d 713 (App.Div.1988) (citation omitted), *rev'd on other grounds,* 116 *N.J.* 216, 561 *A.*2d 542 (1989). *See also N.J. Civil Serv. Ass'n, supra,* 88 *N.J.* at 612, 443 *A.*2d 1070; *In re Matter of Unclaimed Property Office,* 309 *N.J.Super.* 272, 275, 706 *A.*2d 1177 (App.Div.1998) (opinion of Attorney General is not reviewable but agency action taken or not taken on the basis thereof is reviewable). Here, no action was, or could have been, taken simply on the basis of HMFA's approval.

We decline to review mere opinions or conclusions of administrative agencies on which no official action is based. *N.J. Civil Serv. Ass'n v. State, supra,* 88 *N.J.* at 611, 443 *A.*2d 1070. This is because we refrain "from rendering advisory opinions" ourselves and "from functioning in the abstract." *Ibid.* Undoubtedly, any decision on the merits would be advisory in view of the final action taken by HUD. *See McCowen v. Jamieson,* 724 *F.*2d 1421, 1423 (9th Cir.1984); *Boles v. Greeneville Housing Authority,* 468 *F.*2d 476 (6th Cir.1972); *Gardner v. Nashville Housing Authority,* 468 *F.*2d 480 (6th Cir.1972). Indeed, appellant himself acknowledges that he could not secure ultimate relief before us even if he were to obtain a favorable decision, but would have to further pursue his challenge in the federal court.[3] Under these

---

[3] It appears that HUD's decision to approve a rent increase is appealable to the federal district court under the Administrative Procedure Act, 5 *U.S.C.A.*

circumstances, such an exercise of appellate jurisdiction would be unnecessary and wasteful of judicial resources.

██ Even if this conclusion was not compelled by *R.* 2:2–3(a), well-settled principles of comity and federalism counsel that we abstain from reviewing, in effect, the reasonableness of a rent increase approved by HUD. In *Hill Manor Apartments v. Brome,* 164 *N.J.Super.* 295, 395 *A.*2d 1307 (Dist.Ct.1978), a case where tenants about to be evicted sought judicial declaration that rent increases approved by HUD were unconscionable, Judge Baime cautioned against state judicial interference in federal administrative decisionmaking, and he stated reasons for such abstention:

> [O]ur federal system contemplates a policy which generally permits federal administrative agencies to execute their duties free from interference by the state judiciary. Many and varied considerations support this well recognized principle. Vital among these considerations is the concept of comity, that is, a proper and mutual respect between the federal and state governments. Interference by the state judiciary with respect to a responsibility conferred upon a federal agency with presumed expertise in its assigned field would be inherently abrasive and would tend to erode the mutual respect between governmental entities which is so necessary to the effective operation of our federal system.
>
> [*Id.* at 307–08, 395 *A.*2d 1307.]

In this case, appellant's attack on the rent increase approval recommended by the HMFA is in effect an indirect challenge to HUD's final approval since the latter is based on the same regulations governing the state agency's review. Given the identity of standards and results, our review of HMFA's decision would necessarily involve a consideration of the reasonableness of the ultimate action taken by HUD. Such a resolution of the issues raised by appellant on the merits, however, would have an impact beyond the parties presently before the court and would potentially substantially prejudice HUD. Thus, we refrain from interfer-

---

§ 704, at least to the extent the appeal is grounded in claims that HUD acted beyond its jurisdiction or not in accordance with statutory or regulatory requirements, rather than claims of agency abuse of discretion. *Grace Towers Tenants Ass'n v. Grace Housing Dev. Fund Co.,* 538 *F.*2d 491, 496 (2d Cir.1976); *Hahn v. Gottlieb,* 430 *F.*2d 1243, 1251 (1st Cir.1970).

ing with the administration of HUD's task pursuant to its legislative mandate.

Appeal dismissed.