WALTER S. BLUE et al., Plaintiffs-Appellants, v. #2 DANVILLE CROWN FINANCE CORPORATION, Defendant-Appellee.

Fourth District   No. 13155

Opinion filed June 17, 1976.

Whitney D. Hardy, of Land of Lincoln Legal Assistance Foundation, Inc., of Danville, for appellants.

Lowenstein and Hubbard, of Danville (Fred L. Hubbard and Stephen H. Wilson, of counsel), for appellee.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

On December 3, 1969, plaintiffs-appellants Walter F. Blue and Nell Blue entered into a loan contract with defendant-appellee #2 Danville Crown Finance Corporation. By its terms, the loan was to be repaid in equal monthly installments over a period of 36 months with December 3, 1972, as the final payment date.

On December 21, 1971, prior to the expiration of 36 months, the parties executed a renewal note. The renewal note was to be paid in 24 equal monthly installments with December 23, 1973, as the final payment date.

On November 15, 1974, the plaintiffs filed a complaint in the circuit court alleging that the original loan of December 3, 1969, was in violation of the Consumer Installment Loan Act (Ill. Rev. Stat. 1973, ch. 74, par. 51 *et seq.*) in that it failed to comply with the requirements contained therein regarding disclosure of pertinent facts to the borrower. Defendant moved to dismiss the complaint on the grounds that the complaint did not comply with section 20(b) of the Consumer Installment Loan Act (Ill. Rev. Stat. 1973, ch. 74, par. 70(b)) in that it had not been filed prior to the expiration of two years after the date of the "last scheduled payment." The trial court entered an order granting the petition and dismissing the complaint and plaintiffs appeal to this court.

Section 20(b) of the Consumer Installment Loan Act provides:

"Any person, co-partnership, association, or corporation who violates a provision of Section 1, 15, 15a, 15b, 15c, 15d, 16, 16a or 16b of this Act, in connection with transacting or collecting a loan regulated by this Act, shall forfeit to the obligor an amount equal to twice the total of all charges determined by the loan contract or paid by the obligor, whichever is greater. The obligor, prior to the expiration of 2 years after the date of his last scheduled payment, may recover such amount plus such reasonable attorney's fees and court costs as a court may assess against such licensee or lender."(Ill. Rev. Stat. 1973, ch. 74, par. 70(b).)

The parties agree that section 20(b) is a statute of limitations; the determinative question here is the meaning of the phrase "last scheduled payment." Defendant contends, and the trial court apparently agreed, that the phrase referred to the last actual payment on the particular loan transaction. Plaintiffs argue for either of two other possible constructions: (1) that the phrase denotes the last payment on the particular loan transaction including all renewals thereof, or (2) that the phrase refers to the date designated on the loan disclosure statement and note as the final payment date.

Under the construction urged by defendant, the "last scheduled payment" on this loan would have been made December 21, 1971, when

the renewal note was executed, and the plaintiffs' cause of action would have expired December 21, 1973. Since the complaint was in fact filed on November 15, 1974, this construction would bar the plaintiffs' action. Under the first construction offered by plaintiffs, the last scheduled payment would be December 21, 1973, the final payment date of the renewal note, and their cause of action would expire December 21, 1975. Under the second construction offered by plaintiffs, the date of the "last scheduled payment" would be December 3, 1972, the final payment date designated in the first note, and their cause of action would expire December 3, 1974.

Defendant argues that the renewal note executed December 21, 1971, was a separate and distinct loan obligation and constituted a prepayment in full of the previous loan obligation. Defendant contends that to adopt either of plaintiffs' constructions would extend defendant's liability under the original loan agreement to the point that the defendant could not timely investigate the circumstances upon which liability against it was predicated. The defendant points to section 11(a) of the Consumer Installment Loan Act (Ill. Rev. Stat. 1973, ch. 74, par. 61(a)) which provides that every licensee shall preserve the record for any loan for at least two years after making the final entry for such loan and to departmental regulations which require only that records of a loan be kept for two years after the date of prepayment by renewal. Thus, defendant argues, if the renewal date is not construed to be the date of last scheduled payment, the lender could be liable for a period beyond the time for preservation of records and the underlying purpose of a statute of limitations would be destroyed.

■■ The statutory and administrative regulations governing record keeping were enacted to assist the department in determining whether licensees were complying with the Act and its regulations. To accept defendant's interpretation is to assume that the legislature meant nothing by the use of the specific term "scheduled" in this section. Reference to other sections of the same and related acts indicate that the phrase "scheduled payment" has a meaning more specific than that suggested by defendant. (See Ill. Rev. Stat. 1973, ch. 74, par. 66(h), where the phrase "payments scheduled" clearly refers to a listing of dates on which installments are to be made and the amount due on those dates.) Where a word or phrase appears twice in the same statute, it should be given a consistent meaning in each instance unless a contrary legislative intent is clearly expressed. (*Chapman v. County of Will*, 55 Ill. 2d 524, 304 N.E.2d 287; *Wood Dale Public Library District v. Village of Itasca*, 22 Ill. App. 3d 922, 317 N.E.2d 107.) Since the general assembly has not clearly expressed an intent that the term "scheduled payment" has different meanings in the cited sections, it should be given the same meaning throughout.

To accept the first construction offered by plaintiffs would be to hold that renewals continue a loan obligation rather than creating a new and distinct obligation. Defendant contends that such an interpretation would indefinitely extend the period of the lender's liability. We believe the second construction urged by plaintiffs to be in accord with the letter and spirit of the Consumer Installment Loan Act. Under that interpretation, the phrase "last scheduled payment" would refer to the last payment date set out in the original loan obligation, the language of which forms the basis of this suit. This construction would give effect to the word "scheduled" and would also give effect to the underlying policy and purpose of the Consumer Installment Loan Act, which was intended to prevent the abuse of consumers in the installment loan situation. (*Chrysler Credit Corp. v. Ross,* 28 Ill. App. 3d 165, 328 N.E.2d 65.) This construction prevents loan companies from escaping liability for violation of the Act by inducing the obligor to execute a renewal note free of the legal deficiencies in the original loan.

■■ ■ For the reasons stated above, we hold that the phrase "last scheduled payment" in section 20(b) refers to the last date of payment set out in the provisions of the loan obligation under attack, rather than to the last scheduled date of payment in renewals thereof or to the date upon which a renewal note is executed in lieu of a note securing the original loan. Under this interpretation of the phrase, the last scheduled payment on this loan obligation would have been December 3, 1972, and plaintiffs' cause of action would not have expired until December 3, 1974. The filing of the complaint on November 15, 1974, was timely and the trial court's order dismissing the action was error.

Reversed and remanded.

TRAPP, P. J., and GREEN, J., concur.