FIRST NATIONAL BANK OF WEST CHICAGO, Trustee, Plaintiff-Appellant, *v.* ILLINOIS PROPERTY TAX APPEAL BOARD *et al.*, Defendants-Appellees.

Second District    No. 77-238

Opinion filed June 5, 1978.

Michael Edgerton, of Farrell & Edgerton, of West Chicago, for appellant.

William J. Scott, Attorney General, of Chicago (George W. Lindberg and Paul J. Bargiel, Assistant Attorneys General, of counsel), for appellees.

Mr. PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:

The issue in this appeal is whether land in more than one county may be aggregated to qualify as farm property within the dual valuation provision:

> "Real property is used for farming or agricultural purposes within the meaning of this Section if it is more than 10 acres in area and devoted primarily to the raising and harvesting of crops [or other described agricultural purposes] * * *."
> Ill. Rev. Stat. 1975, ch. 120, par. 501a—1.[1]

---

[1] The effect or correlation of the provisions of Public Act 80—247 are not before us and have not been considered in this opinion.

Plaintiff appeals from an adverse judgment on its complaint for administrative review of a decision of the Illinois Property Tax Appeal Board denying dual valuation of plaintiff's property which has been used for agricultural purposes for the three-year period specified in the statute. The plaintiff owns only 5.7 acres in Kane County but if permitted to aggregate property used by plaintiff for agricultural purpose in Ogle and Mercer Counties the total would be 35¾ acres. The Circuit Court of Kane County affirmed the decision of the Board and the owner appeals.

■■ Plaintiff argues that revenue laws are to be construed strictly against the State and in favor of the taxpayer and thus that the 10-acre provision should be broadly viewed so as to include not only contiguous property but all farm land owned by the party and devoted to farm use as an economic farm unit no matter where situated within the State. The Board responds, and we agree, that the legislative purpose to be determined from the entire scheme of real property taxation in Illinois requires the construction that the legislature intended that the minimum of 10 acres be in one county.

It is axiomatic that the primary object of statutory construction is to ascertain and give effect to the intention of the legislature; and this intent must be gathered from the whole statute with consideration given to the reason, necessity and the object sought to be obtained by the legislature. See, *e.g., Cherin v. The R. & C. Co.*, 11 Ill. 2d 447, 451 (1957); *People ex rel. Republican-Reporter Corp. v. Holmes*, 98 Ill. App. 2d 11, 15 (1968).

■■ In dealing with the construction of the statute relating to taxation we are bound to offer a reasonable and common sense meaning so as to avoid making it difficult or impossible for taxes to be legally levied and collected. *Department of Revenue v. Joseph Bublick & Sons*, 68 Ill. 2d 568, 575 (1977); *People ex rel. Nash v. Chicago & Northwestern Ry. Co.*, 359 Ill. 435, 439 (1935).

It seems obvious that the purpose of section 20a—1 of the Revenue Act (Ill. Rev. Stat. 1975, ch. 120, par. 501a—1) is to confer a tax benefit to those involved in farming and agriculture. In substance the section provides that real property which is used for farming or agricultural purposes and has been so used for the three years immediately preceding the year when the assessment is made shall be valued at 33 1/3 percent of its fair cash value based, however, upon the price it would bring at a voluntary sale for farming and agricultural purposes which in no event is to be at a higher level of assessment than single family residential real property in that county. See also Ill. Const. 1970, art. IX, §4.

If the Revenue Act is viewed as a whole it appears that at every level county officials administer real property taxation. County clerks prepare the list to be assessed (Ill. Rev. Stat. 1975, ch. 120, par. 513). County

assessors value and assess the property (par. 524). Their decisions are reviewed by a board of review consisting of county officials (pars. 489-492). The county assessor is required to actually view the land to be valued (par. 524).

Relative to the particular dual valuation provision before us, the section of the statute immediately following section 20a—1 provides:

> "The person liable for taxes on real property used for farming or agricultural purposes must file a verified application requesting the additional valuation provided for in Section 20a—1 with the county assessor of the county *where the real property is located* * * *." (Emphasis added.) Ill. Rev. Stat. 1975, ch. 120, par. 501a—2.

The focus of both sections is upon the land located within the county which the county assessor is required to view (Ill. Rev. Stat. 1975, ch. 120, par. 524) and to assess with reference to the application for special treatment. The emphasis is not upon the owner of the real estate as plaintiff suggests.

■■ It should also be noted in this connection that so qualifying agricultural property is not automatic. The property owner must make the application. And in the sense that this provision would be used only to reduce an assessment (see 25 De P. L. Rev. 585, 597 n. 70 (1976)), the section before us may be considered to provide some exemption from taxation. It is a familiar rule that where a statute exempts property from taxation it should be strictly construed in favor of taxation with the burden on the person claiming an exemption to prove clearly and conclusively that he is entitled to one. See, *e.g., People ex rel. County Collector v. Hopedale Medical Foundation,* 46 Ill. 2d 450, 462 (1970); *Telco Leasing, Inc. v. Allphin,* 63 Ill. 2d 305, 310 (1976).

Plaintiff's reliance on *County of Lake v. Cushman,* 40 Ill. App. 3d 1045 (1976), is misplaced. In *Cushman,* we held that in view of the express provision of the State statute barring any county zoning regulation, except the regulation of building or setback lines, of property used for "agricultural purposes" the county could not provide an acreage limitation for an agricultural use under its zoning ordinance. Here, it is undisputed that the plaintiff's property is being used for agricultural purposes, there is no question of the power of the State to impose the limitation in question, and we deal only with the interpretation in the State statute.

We conclude that the legislative intention manifested from the whole statute and considering the reason, necessity and objects of the legislation require the interpretation that the 10 acres restriction in a dual valuation statute are meant to apply only to property within the particular county.

We express no opinion on whether within the county such property must be contiguous since that issue is not properly before us. The judgment is affirmed.

Affirmed.

RECHENMACHER and NASH, JJ., concur.