THE CITY OF CHICAGO, Plaintiff-Appellant, *v.* PIONEER TOWING, INC., *et al.*, Defendants-Appellees.

First District (1st Division)   No. 78-1470

Opinion filed June 18, 1979.

William R. Quinlan, Corporation Counsel, of Chicago (Daniel Pascale and Philip L. Bronstein, Assistant Corporation Counsel, of counsel), for appellant.

No brief filed for appellees.

Mr. PRESIDING JUSTICE GOLDBERG delivered the opinion of the court:

Various automobile towing companies and certain of their officers and directors (defendants) filed motions to quash complaints which alleged violation of the Municipal Code of the City of Chicago, chapter 27, section 27—381.3. This section of the Code required towing companies to post signs to indicate that unauthorized cars would be towed from the premises which the companies serviced. Section 27—381.4 which provided penalties for the violation of the above section was declared unconstitutional by the trial court. The motions to quash the complaints were sustained and a total of 18 complaints were dismissed. All of these cases were consolidated for this appeal by the City of Chicago (plaintiff).

The provisions of the Municipal Code of Chicago, chapter 27, sections 27—381.3 and 27—381.4, provide in material part as follows:

27—381.3(b).

"When any owner enters into an agreement with a towing firm to remove unauthorized vehicles from his private parking area, before a tow is made the towing firm shall post a notice of this arrangement prominently at all entrances and exits to the parking areas, in clear view free from interference from any natural or man made objects."

27—381.4.

"Any person or any officer of any corporation, or any partner or any partnership making a tow or authorizing a tow, in violation of any provisions of Sections 27—381.1 or 27—381.3 shall be fined not less than $50.00 nor more than $500.00 for the first offense and not less than $100.00 nor more than $500.00 for the second and each subsequent offense. Repeated offenses in excess of three may also be punishable as a misdemeanor by incarceration in the county jail for a term not to exceed six months under the procedure set forth in Section 1—2—1.1 of the Illinois Municipal Code (Illinois Revised Statutes, 1975, Chapter 24, par. 1—2—1.1) and under the provisions of the Illinois Code of Criminal Procedure (Illinois Revised Statutes,

1975, Chapter 38, pars. 100—1, et seq.) in a separate proceeding. Any person, or any officer of any corporation, if such person is a corporation, and the corporation has been guilty of such repeated offenses, or any partner of any partnership, if such person is a partnership and the partnership has been guilty of such repeated offenses, shall be subject to incarceration as aforesaid."

Plaintiff contends defendants have no standing to attack the portion of the ordinance which authorizes the penalty of incarceration. Plaintiff argues imprisonment is authorized only for repeated offenses, and no allegation is made in the complaints that this provision is applicable to the defendants. Plaintiff further contends the trial court erred in holding the entire section unconstitutional and dismissing the complaint as to all of the defendants regardless of their standing. Plaintiff also argues the ordinance is a constitutional application of vicarious liability.

Although defendants have not submitted briefs to this court, "we have elected to review the record and decide the case on its merits." *City of Hickory Hills v. Village of Bridgeview* (1977), 67 Ill. 2d 399, 401-02, 367 N.E.2d 1305.

■■ The enactment of the instant ordinance was within the scope of legal authority granted to plaintiff as a home rule unit under the Illinois Constitution of 1970, article VII, section 6(a). (See *Ampersand, Inc. v. Finley* (1975), 61 Ill. 2d 537, 338 N.E.2d 15, and *Mulligan v. Dunne* (1975), 61 Ill. 2d 544, 338 N.E.2d 6, *cert. denied* (1976), 425 U.S. 916, 47 L. Ed. 2d 768, 96 S. Ct. 1518.) This court must therefore determine whether the ordinance represented a constitutional exercise of plaintiff's authority. As the issue of standing could potentially dispose of the entire action, it will be considered first.

■■ On the issue of standing, plaintiff argues that an ordinance or statute may be void in part and valid in part. (*City of Elmhurst v. Buettgen* (1946), 394 Ill. 248, 68 N.E.2d 278.) In construction of ordinances, the same rules are applied as those which govern the construction of statutes. (*Village of Park Forest v. Wojciechowski* (1963), 29 Ill. 2d 435, 437, 194 N.E.2d 346.) The general rule is set forth in *People v. Mayberry* (1976), 63 Ill. 2d 1, 6, 345 N.E.2d 97, *cert. denied sub nom. Hurley v. Illinois* (1976), 429 U.S. 828, 50 L. Ed. 2d 92, 97 S. Ct. 87:

"A party does not have standing to challenge the constitutional validity of a statutory provision if he is not directly affected by it unless the unconstitutional feature is so pervasive as to render the entire act invalid."

■■■ Defendants were clearly affected by the operation of the ordinance aside from the penalty imposed. Consequently, defendants had standing to raise the issue of constitutionality. The trial court held the ordinance to be unconstitutional because it imposed vicarious criminal liability upon

officers and agents of the corporations here involved. In *Grasse v. Dealer's Transport Co.* (1952), 412 Ill. 179, 202, 106 N.E.2d 124, *cert. denied* (1952), 344 U.S. 837, 97 L. Ed. 651, 73 S. Ct. 47, the court stated:

> "The established rule is that only the invalid parts of a statute are without legal effect, unless all the provisions are so connected as to depend upon each other. [Citations.] If that which remains after the unconstitutional portion is stricken is complete in itself and capable of being executed wholly independently of that which is rejected, the invalid portion does not render the entire section or act unconstitutional."

■■ The penalty provisions of the instant ordinance were "so connected as to depend" on the portion of the ordinance which the court found to be unconstitutional. Defendant therefore had standing to challenge the ordinance which was declared unconstitutional in its entirety.

The trial court also held that the ordinance failed to give reasonable notice of the proscribed conduct which it sought to prohibit. The trial court concluded that the ordinance denied defendants due process of law. In *People ex rel. Duffy v. Hurley* (1949), 402 Ill. 562, 567, 85 N.E.2d 26, the court held:

> "For a statute to be held valid the duty imposed by it must be prescribed in terms definite enough to serve as a guide to those who have the duty imposed upon them."

■■ The test is whether the ordinance is clear enough to "convey sufficient definite warning as to proscribed conduct when measured by common understanding and practices." (*City of Chicago v. Lawrence* (1969), 42 Ill. 2d 461, 464, 248 N.E.2d 71, *appeal dismissed* (1969), 396 U.S. 39, 24 L. Ed. 2d 208, 90 S. Ct. 263.) The ordinance should be "definite enough to serve as a guide to one who has the involved duty imposed upon him so that he is enabled by reading the enactment to know his rights and obligations thereunder." *City of Decatur v. Kushmer* (1969), 43 Ill. 2d 334, 336, 253 N.E.2d 425.

■■ In the instant case, the conduct proscribed is clearly and definitely articulated in the ordinance. It provides that before a towing firm removes unauthorized vehicles from private parking areas a notice of the arrangement between the landowner and the towing firm must be posted. The ordinance further provides for penalties for "any person or any officer of any corporation, or any partner or any partnership making a tow" in violation of the above provisions. This plain language constitutes sufficient notice for due process purposes.

The trial court also found the imposition of vicarious liability to be constitutionally impermissible. However, such liability can be imposed without depriving a party of due process of law. See *Van Oster v. Kansas* (1926), 272 U.S. 465, 71 L. Ed. 354, 47 S. Ct. 133.

In *City of Chicago v. Hertz Commercial Leasing Corp.* (1978), 71 Ill. 2d 333, 375 N.E.2d 1285, *cert. denied* (1978), ___ U.S. ___, 58 L. Ed. 2d 322, 99 S. Ct. 315, the court held valid an ordinance which made automobile owners *prima facie* responsible for parking violations where a car was illegally parked by a person other than the owner. The court held this imposition of liability to be reasonable and necessary to "deter the irresponsible commission of parking violations." (*Hertz*, 71 Ill. 2d 333, 346.) The court stated (*Hertz*, 71 Ill. 2d 333, 346):

> "Vicarious criminal liability has been found within the limits of due process to the extent that the person who is unaware of the wrongdoing stands 'in responsible relation to a public danger.' "

In the instant case while an officer, agent or partner of a towing firm may not have actual knowledge that a violation of the ordinance has occurred, he is in a "responsible relation to a public danger." The towing companies are in the best possible position to know from what premises they tow automobiles. The notices designated by the ordinance to be posted by these companies inform car owners not only that unauthorized vehicles will be towed away but also the location where the car can be found. This information is essential to persons affected by a towing operation and is best supplied by the towing firms themselves. The ordinance also serves to prevent abuses by the towing companies by publicizing their identity and location.

■■ For the reasons above stated, this court finds the ordinance in question to be constitutional. The orders appealed from are reversed.

Orders reversed.

McGLOON and O'CONNOR, JJ., concur.