*In re* APPLICATION OF COOK COUNTY COLLECTOR (The County Collector of Cook County, Appellee, v. DENNIS HUNT *et al.*, Objectors-Appellants).

First District (3rd Division)   No. 84—2135

Opinion filed September 4, 1985.

Crane & Norcross, of Chicago (Joseph J. Butler and John D. Norcross, of counsel), for appellants.

Richard M. Daley, State's Attorney, of Chicago (Henry A. Hauser, Deputy State's Attorney, and Mark R. Davis and Lawrence B. Brodsky, Assistant State's Attorneys, of counsel), for appellee.

JUSTICE McNAMARA delivered the opinion of the court:

Objector, Dennis Hunt, brought this action against the county collector of Cook County protesting the classification of his 12-unit condominium building as class 3 property. Eight additional property owners filed similar objections and the cases were consolidated. The trial court granted the collector's motion for summary judgment. The objectors appeal.

The Cook County Real Property Assessment Classification Ordinance specifies seven classes of property for tax purposes. Class 2 property, which is assessed at 16% of market value, includes the following:

> "Real estate used as a farm, or real estate used for residential purposes when improved with a house, an apartment building of not more than six living units, or residential condominium, a residential co-operative or a government-subsidized housing project, if required by statute to be assessed in the lowest category." (Cook County Ordinance sec. 80—0—14 (1980).)

Class 3 property, which is assessed at 33% of market value, is "[a]ll improved real estate used for residential purposes which is not included in Class 2." The ordinance defines "real estate used for residential purposes" as "any improvement or portion thereof occupied solely as a dwelling unit." Condominium is not defined.

The objectors own 10 buildings in Tinley Park. Each building contains 12 individual units which were submitted and recorded under the Condominium Property Act (Ill. Rev. Stat. 1983, ch. 30, par. 301 *et seq.*). Each unit has its own permanent index number, and each unit is assessed and taxed separately. All 12 units in each building have the same owner, and each of the units is used as residential rental property.

For the 1980 tax year, the county assessed each of the units as class 3 property. The assessed value of the individual units within each building was equal although the values varied from building to building. All of the objectors paid the 1980 taxes under protest and then sought a refund of the allegedly excessive amounts paid.

The sole issue presented for review is whether, where every unit in a condominium building has the same owner and each unit is used as residential rental, income-producing property, the owner is entitled to assessment under class 2.

■ The primary rule of statutory construction is to ascertain and give effect to the legislature's intent. (*Franzese v. Trinko* (1977), 66 Ill. 2d 136, 361 N.E.2d 585; *Karlson v. Murphy* (1944), 387 Ill. 436, 56 N.E.2d 839.) The text of the statute is considered the best evidence of that intent. (*Certain Taxpayers v. Sheahen* (1970), 45 Ill. 2d 75, 256 N.E.2d 758.) Language that is clear and unambiguous should be given its plain meaning, and the court should not look to extrinsic aids for construction. *Logston v. Logston* (1984), 103 Ill. 2d 266, 469 N.E.2d 167.

The letter of the ordinance must yield, however, to the real object

and intent of the ordinance. (*Rock v. Thompson* (1981), 85 Ill. 2d 410, 426 N.E.2d 891; *Peabody v. Russel* (1922), 301 Ill. 439, 134 N.E.2d 148.) The history of the legislation and other statutes *in pari materia* are properly considered, as are the motives for amendments and the evils sought to be corrected. *Anderson v. City of Park Ridge* (1947), 396 Ill. 235, 72 N.E.2d 210.

Objectors maintain that the trial court erred in looking beyond the plain meaning of the ordinance and imposing a residency requirement. They contend that the ordinance is clear on its face and that any property submitted under the Condominium Act is a condominium and that any unit used for dwelling purposes is a residential condominium. They urge that the tenants' use of the condominium as a residence qualifies the condominium as class 2 property. To support their position that owner occupancy is not required, objectors rely on the fact that six-unit apartment buildings also qualify for class 2 assessments.

■ We do not agree that the ordinance is clear on its face. The ordinance restricts the inclusion of houses and small apartment buildings to those "used for residential purposes." Whether this same restriction applies to condominiums is unclear from the grammatical structure of the ordinance. The ordinance, however, specifically describes these units as "residential condominiums." In order to determine what the Cook County Board intended by this additional description, the legislative history, as well as statutes *in pari materia*, must be considered.

Prior to 1970, the assessor maintained a *de facto* classification system which classified property by its physical characteristics. Following the adoption of the new constitution allowing classification, the assessor conducted public hearings to determine a differential tax policy. A report of the hearings was prepared by Professor Richard A. Michael.

Condominiums and cooperatives previously had been assessed on the same basis as income producing property. The legislature acknowledged the inequity of assessing owners of condominiums at a much higher rate than owners of single-family houses. Section 20c—1 of "An Act to revise the law in relation to the assessment of property and the levy and collection of taxes ***" mandates that condominiums and cooperatives, occupied by the owner as a residence for a minimum of six months during the year, must be assessed on the same basis as single-family houses. (Ill. Rev. Stat. 1983, ch. 120, par. 501c—1.) Prior to the passage of section 20c—1, the Cook County assessor had changed his policy to provide similar tax relief.

The Michael Report likewise recommended that the class with the lowest tax rate should include condominiums and cooperatives, as well as single-family homes and small apartment buildings. The underlying policy for the classification was the owner's use of the property. (See *In re Application of Rosewell* (1983), 120 Ill. App. 3d 369, 458 N.E.2d 121.) The most important characteristic of this class of property was that it was non-income-producing and noninvestment property. The report noted that owners of smaller apartment buildings used them as a residence and that the income generated was not substantial enough to classify the property with other investment property. Because the individual owners of property in this class had to bear the full burden of the tax, the report concluded that these types of property should have the lowest tax rate.

The policies of taxing property based on use and taxing investment property at a higher rate than residential property were ultimately reflected in the county classification ordinance. Non-income-producing, residential property is taxed at a lowest rate than income-producing property. It is apparent from this historical perspective that objectors' argument must fail. Prior to the assessor's change in policy and the adoption of section 20c–1, condominiums, even if owner occupied, were not entitled to a tax break. The amendments to the ordinance were clearly intended to alleviate the inequity of higher property taxes on individuals who chose to live in a condominium rather than a single-family house.

The trial court found that each unit was "legally a condominium unit, but each building is owned and operated as an apartment building." Objectors strenuously contend that each unit is a condominium and under section 10 of the Condominium Property Act, each individual unit must be individually assessed. Although each building here has common ownership, objectors point to the fact that each unit in each building is capable of individual ownership and therefore is unlike an apartment building. However, this argument ignores the fact that the underlying basis for taxation is not the form of ownership, but the use to which the owner puts his property. Here the use of the 12-unit condominium buildings is exactly the same as a 12-unit apartment building. Objectors are attempting to benefit from income-producing, investment property and at the same time to benefit from the lower taxation rates available to single-family home owners.

Were we to accept the objectors' position, nothing would prevent the owners of all multiple-unit apartment buildings from spuriously converting to condominiums to halve their property taxes. The court is bound to find a reasonable and common sense meaning for

the ordinance so as to avoid making it impossible for taxes to be legally levied and collected. (*First National Bank v. Illinois Property Tax Appeal Board* (1978), 60 Ill. App. 3d 810, 377 N.E.2d 339.) This, the trial court did in the present case.

For the reasons stated, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

WHITE, P.J., and RIZZI, J., concur.