ARTHUR KATZ *et al.*, Plaintiffs-Appellants, v. THE CITY OF CHICAGO *et al.*, Defendants-Appellees.

First District (3rd Division)    No. 87—3425

Opinion filed December 7, 1988.

Mathewson, Hamblet & Casey, of Chicago (Harry Golter, Burton Sapoznick, and Michael J. Hamblet, of counsel), for appellants.

Judson H. Miner, Corporation Counsel, of Chicago (Ruth M. Moscovitch and Joseph A. Moore, Assistant Corporation Counsel, of counsel), for appellees.

PRESIDING JUSTICE WHITE delivered the opinion of the court:

Plaintiffs, owners of laundromats located in the City of Chicago, filed suit in the circuit court of Cook County seeking a declaration that the Chicago Transaction Tax Ordinance (Chicago Municipal Code §200.1 *et seq.* (1974)) was unconstitutional as applied to them. The court granted a motion to dismiss filed by the defendants and plaintiffs appeal.

In 1974, the City of Chicago enacted the Chicago Transaction Tax Ordinance. Section 200.1—2 of the ordinance imposed a tax on all leases and lease or rental agreements and memoranda "involving the lease or rental of any personal property *** by an individual person, domestic or foreign association, company, or corporation *** made after the 1st day of January, 1974, whether made upon or shown by the books of the person, association, company, corporation, or trustee, or by any paper or agreement or memorandum or other evidence of such lease or rental when delivery or use also takes place in the City of Chicago." (Chicago Municipal Code §200.1 (1974).) As originally enacted, the ordinance contained an exemption for transactions involving $10 or less. It further provided in section 200.1—2.A.5(a) that personal property included washers and dryers. Section 200.1—2.A.5(b) provided that personal property also included leased time on equipment not otherwise itself rented, such as leased time for use of calculators, computers, data processing equipment, tabulating equipment, accounting equipment, copying machines, duplicating machines, and addressing machines.

In 1981, an amendment to the ordinance removed the $10 limit and imposed a flat 6% tax on all lease transactions. In March 1984, the ordinance was amended once again and the language of section 200.1—2.A.5(a), listing washers and dryers as examples of personal property subject to the tax, was deleted. Section 200.1—2.A.5(b) remained substantially the same.

In January 1987, the department of revenue published "Lease Transaction Ruling No. 8." This ruling, which was to take effect on February 1, 1987, provided that the "use of a clothes washing or car

washing machine, where the possession of the machine does not transfer but where a charge is made for the period of use of the machine by the user," was taxable under section 200.1—2.A.5(b).

In June 1987, plaintiffs filed a complaint for declaratory and injunctive relief in which they alleged that the manner in which their businesses were conducted made it virtually impossible for them to comply with the provisions of the ordinance. Plaintiffs also alleged that the ordinance, as applied to their businesses, constituted an unconstitutional tax on the occupation of providing laundry services and that any attempt to enforce ruling No. 8 as of its February 1 effective date would constitute a retroactive gross receipts tax. Plaintiffs requested that ruling No. 8 be declared void and that defendants be enjoined from enforcing the ordinance against them.

Defendants filed a motion to strike and dismiss plaintiffs' complaint on the ground that it failed to state a cause of action. The circuit court granted this motion, stating that under the ordinance, the time lease of coin-operated washers and dryers was a taxable lease transaction, that the tax did not constitute an occupation tax, and that the tax was not being applied retroactively.

■■ In their appeal, plaintiffs argue that as applied to them, the tax constitutes an unconstitutional service tax. Noting that when a court seeks to determine the nature of a tax, it must look to the totality of the transaction (see *Caterpillar Tractor Co. v. Department of Revenue* (1965), 32 Ill. 2d 377, 205 N.E.2d 447), plaintiffs contend that when the totality of their transactions with their customers is considered it is clear that they are providing a laundry service. In support of this argument, plaintiffs cite *Chicago Health Clubs, Inc. v. Picur* (1988), 124 Ill. 2d 1, in which the Illinois Supreme Court held that an amendment to the Chicago Amusement Tax Ordinance (Chicago Municipal Code §§104—1 through 104—8 (1985)), which extended application of the ordinance to racquetball and health clubs, constituted an unconstitutional occupation tax on services. One of the concerns expressed by the supreme court in *Picur* was that it would be impossible to segregate health club memberships into amusement and nonamusement components.

In the present case, plaintiffs point out that in addition to using their machines, customers use plaintiffs' real property, furnishings, and auxiliary facilities such as plumbing, fixtures, electricity, and areas for waiting and parking. Plaintiffs contend that the use of their machines is so integrated with these items that the primary function of their laundromats is the provision of services.

A similar argument was rejected in *Springfield Hotel-Motel Asso-*

*ciation v. City of Springfield* (1983), 119 Ill. App. 3d 753, 457
N.E.2d 1017. There, the plaintiff argued that a tax on the rental of
hotel and motel rooms was an unconstitutional occupation tax on ser-
vices. In upholding the tax, the appellate court noted that where a
tangible product is provided as a part of a service and the product is
only incidental to the service, a tax on the transaction constitutes a
service tax. (See also *Velten & Pulver, Inc. v. Department of Revenue*
(1963), 29 Ill. 2d 524, 194 N.E.2d 253.) The court found that the
rental of a hotel room could be distinguished from the purchase of
services. The court held that although maid services, televisions, tele-
phones, etc. were also provided, these items were incidental to the
rental of the room. We believe a similar result is required in the
present case.

Plaintiffs own coin-operated laundries, which by their nature in-
volve self-service transactions. While plaintiffs claim that the use of
their real property and their provision of auxiliary facilities such as
plumbing, fixtures, electricity, etc. are predominant, we find nothing
to distinguish these items from those that were held to be incidental
in *Springfield*. Accordingly, we find that the tax as applied to plain-
tiffs is a valid tax on the rental of personal property and not an un-
constitutional service or occupation tax.

Plaintiffs also assert that because ruling No. 8 was not issued un-
til 1987, six years after the $10 minimum was removed from the ordi-
nance, defendants are estopped from enforcing the ordinance against
them. Plaintiffs further assert that if defendants are allowed to en-
force the ordinance against them as of February 1, 1987, it will
amount to a retroactive tax on their gross receipts. These arguments
are without merit.

■ Under Illinois law, a municipality cannot be estopped unless it
has engaged in acts through its officers which may have induced the
action of a party; mere nonaction is insufficient to invoke the doctrine
of estoppel. (*G & S Mortgage & Investment Corp. v. City of Evanston*
(1970), 130 Ill. App. 2d 370, 264 N.E.2d 740; *City of Rockford v. Sal-
lee* (1970), 129 Ill. App. 2d 75, 262 N.E.2d 485.) Therefore, the fact
that defendants did not act to enforce the ordinance against plaintiffs
until six years after the removal of the $10 minimum, standing alone,
does not estop defendants from now attempting to collect the tax.
(See, *e.g., Illinois Power Co. v. Mahin* (1978), 72 Ill. 2d 189, 381
N.E.2d 222 (where the Illinois Supreme Court held that the failure to
enforce a tax ordinance against the plaintiff for 35 years did not bar
collection); *City of Des Plaines v. Gacs* (1978), 65 Ill. App. 3d 44, 382
N.E.2d 402 (where the city's failure to take action against a defend-

ant until five years after it became aware of an ordinance violation did not bar enforcement).) In addition, because the record shows that ruling No. 8 was published in the Chicago Tribune on January 1, 1987, two weeks before its February 1 effective date, there is no basis for plaintiffs' claim that defendants are attempting to enforce the ordinance retroactively.

Plaintiffs next argue that it is clear from the language of the ordinance that the city council did not intend to tax the use of coin-operated laundries. Section 200.1—2 of the ordinances imposes a tax on all leases of personal property "whether made upon or shown by the books" of the lessor or "by any paper or agreement or memorandum or other evidence" of such rental. (Chicago Municipal Code §200.1—2 (1974).) Plaintiffs argue that this language demonstrates a clear intent that the tax apply only to those transactions involving either the delivery of property or those in which some record or memorandum is made of the transaction. We disagree.

■ Initially we note that the rules governing the construction and interpretation of statutes also apply to the construction of ordinances. (*State National Bank v. Zoning Board of Appeals* (1979), 81 Ill. App. 3d 105, 400 N.E.2d 433; *City of Chicago v. Pioneer Towing, Inc.* (1979), 73 Ill. App. 3d 867, 392 N.E.2d 132.) As in statutory construction, in interpreting and construing an ordinance, the intentions of the lawmaking body should be ascertained and given effect. (*State National Bank v. Zoning Board of Appeals* (1979), 81 Ill. App. 3d 105, 400 N.E.2d 433.) The intentions of the lawmaking body can be ascertained principally from the language used in the ordinance, and language that is clear and unambiguous should be given its plain and simple meaning. *In re Application of Cook County Collector* (1985), 136 Ill. App. 3d 496, 483 N.E.2d 414; *State National Bank v. Zoning Board of Appeals* (1979), 81 Ill. App. 3d 105, 400 N.E.2d 433.

■ The Chicago Transaction Tax Ordinance states that the tax applies to leases whether made upon or shown by the lessor's books or by any paper, agreement, memorandum, or other evidence. Thus, rather than providing support for plaintiffs' claim that the ordinance applies only where records or memoranda are kept, the plain language of the ordinance demonstrates that the transactions will be taxed whether shown by records or any other evidence.

■ Plaintiffs argue that because the only possible evidence of the transactions would be their total receipts, the tax as applied to them would constitute a gross receipts or occupation tax. However, we do not believe that the mere fact that plaintiffs may find it necessary to rely on their total receipts to prepare a record of their transactions

requires a finding that the tax is on gross receipts and not on the transactions.

In *Webster v. City of Chicago* (1985), 132 Ill. App. 3d 666, 478 N.E.2d 446, this court affirmed the Chicago Transaction Tax Ordinance, holding that it constituted a permissible tax on transactions and not an invalid tax on services and occupations. We further stated that in light of this holding, there was no basis for the plaintiff's argument that the tax constituted a disguised occupation tax because it was measured by earnings or income.

In our discussion above, we found that the tax as applied to plaintiffs also was not an invalid service or occupation tax but was a permissible tax on transactions. Therefore, it follows that here, as in *Webster*, the tax is not a disguised tax on plaintiffs' earnings or income.

Plaintiffs also argue that the provisions in the ordinance requiring the purchase of revenue stamps and the keeping of certain records support their contention that the tax was not intended to apply to their businesses. They point out that although section 200.1—3 of the ordinance provides that revenue stamps are not required if the tax is remitted on a monthly basis, this section is applicable only if the lessor keeps a record of the rental agreements for which the tax has been paid. Plaintiffs claim that because it is impossible for them to keep records of self-service transactions, this provision and the other recordkeeping provisions contained in the ordinance demonstrate that the city council did not intend the ordinance to cover self-service, coin-operated transactions. Again we disagree.

As we stated above, in construing an ordinance, the primary concern is to ascertain and give effect to the intent of the lawmaking body. (*State National Bank v. Zoning Board of Appeals* (1979), 81 Ill. App. 3d 105, 400 N.E.2d 433.) In doing so, an interpretation of a statute or ordinance made by the agency or body charged with administering the statute constitutes an informed source of guidance for ascertaining the intent of the lawmaking body. *Adams v. Jewel Cos.* (1976), 63 Ill. 2d 336, 348 N.E.2d 161; *Johnson v. Marshall Field & Co.* (1974), 57 Ill. 2d 272, 312 N.E.2d 271.

In the present case, the department of revenue issued ruling No. 8, which provided that the use of coin-operated clothes washers was taxable under the ordinance. While not binding, this interpretation is entitled to substantial deference and should be followed unless clearly erroneous. (*Winnetkans Interested in Protecting Environment (WIPE) v. Pollution Control Board* (1977), 55 Ill. App. 3d 475, 370 N.E.2d 1176; *Du-Mont Ventilating Co. v. Department of Revenue*

(1977), 52 Ill. App. 3d 59, 367 N.E.2d 532, *aff'd* (1978), 73 Ill. 2d 243, 383 N.E.2d 197.) We do not believe that the recordkeeping requirements of the ordinance require a conclusion that the tax was not intended to apply to the lease of coin-operated washers; nor do we believe that the presence of these provisions requires a finding that the department of revenue's interpretation of the ordinance is clearly erroneous.

Plaintiffs' remaining arguments concern the language of section 200.1—2.A.5(b). Plaintiffs note that ruling No. 8 was based on section 200.1—2.A.5(b), which provides that "personal property shall also mean leased time on equipment not otherwise itself rented, such as leased time for use of calculators, computers, data processing equipment, tabulating equipment, accounting equipment, copying machines, duplicating machines, [and] addressing machines." Plaintiffs argue that this language also supports their contention that the ordinance was not intended to include coin-operated washers and dryers. Citing the rule of *ejusdem generis* and other rules of statutory construction, plaintiffs argue that the language used in section 200.1—2.A.5(b) evidences an intent to tax only leased time on office-type equipment and to exclude from taxation leased time transactions involving other types of equipment. We disagree.

■ The supreme court has held that construction aids such as the rule of *ejusdem generis* should not be used to defeat the evident purpose of a statute or to restrict the scope of the subjects the legislature intended to include within the enactment. (*Hagen v. City of Rock Island* (1959), 18 Ill. 2d 174, 349 N.E.2d 445.) In addition, we believe that the use of the term "such as" in section 200.1—2.A.5(b) clearly indicates that the city council did not intend the language used to be exclusive and, therefore, there is no merit to plaintiffs' argument that the council's enumeration of certain items in the ordinance implies the exclusion of others.

In conclusion, we find that the ordinance as applied to plaintiffs constitutes a valid tax on the rental of personal property, that defendants are not estopped from enforcing the ordinance against plaintiffs, and that section 200.1—2.A.5(b) does not limit the taxation of leased time transactions solely to leases of office-type equipment.

The judgment of the circuit court of Cook County is affirmed.

Affirmed.

McNAMARA and RIZZI, JJ., concur.