THE CITY OF CHICAGO, Plaintiff-Appellee, v. JUAN GOMEZ, Defendant-Appellant.

First District (6th Division)  No. 1—91—4102

Opinion filed November 5, 1993.

Melvin B. Lewis, of Chicago, for appellant.

Kelly R. Welsh, Corporation Counsel, of Chicago (Lawrence Rosenthal, Benna Ruth Solomon, and Frederick S. Rhine, Assistant Corporation Counsel, of counsel), for appellee.

JUSTICE EGAN delivered the opinion of the court:

After a bench trial on stipulated facts, the defendant, Juan Gomez, was convicted of violating a Chicago ordinance which prohibits mobile food vendors from parking their dispenser vehicles within 200 feet of a principal customer entrance to a restaurant. He was fined $50. The defendant contends that the trial judge misinterpreted the ordinance; he does not contest the constitutionality of the ordinance. This is a case of first impression.

Section 4—8—360 of the Chicago Municipal Code provides:

"(a) Mobile food dispenser vehicles shall move from place to place upon the public ways and shall not be operated at a fixed location except as otherwise provided herein.

* * *

(f) No operator of such vehicle shall park or stand such vehicle within 200 feet of any principal customer entrance to a restaurant which is located on the street level.

Restaurant, for purposes of this section, means any public place at a fixed location kept, used, maintained, advertised and held out to the public as a place where food and drink is prepared and served to the public for consumption on or off the premises pursuant to the required licenses. Such establishments include, but are not limited to, restaurants, coffee shops, cafeterias, dining rooms, eating houses, short order cafes, luncheonettes, grills, tearooms and sandwich shops." Chicago Municipal Code § 4—8—360 (1990).

On October 11, 1991, at 7 a.m., the defendant was arrested while operating a mobile food dispenser vehicle at 71 West Monroe Street in Chicago. Mobile food dispenser vehicles are described as "small, specially designed trucks from which hot and cold food is dispensed, normally while parked near office buildings, construction sites, and similar commercial and industrial activity." The defendant was charged with violation of the Municipal Code for parking his vehicle within 200 feet of a principal customer entrance to a restaurant. The restaurant in question, which does not serve breakfast, was closed at the time. It was, however, expected to open four hours later when it would begin serving lunch. The trial judge found the defendant guilty of violating a municipal ordinance, holding that the word "restaurant," as used in the ordinance, included a restaurant that had not yet opened for business for the day. The issue, therefore, is whether the word "restaurant," as defined in the Municipal Code, includes a restaurant which was temporarily closed because it had not yet opened for business for the day.

The rules governing the construction of statutes also apply to the construction of ordinances. (*Katz v. City of Chicago* (1988), 177 Ill. App. 3d 305, 532 N.E.2d 322.) In construing a statute, it is the function of the court to determine the intent of the legislature. The intent of the legislature is best surmised from the language of the statute, which must be given its plain and ordinary meaning. (*DeClerck v. Simpson* (1991), 143 Ill. 2d 489, 577 N.E.2d 767.) If the meaning of a statute or an ordinance is clearly expressed in the language of the statute or ordinance, the courts cannot infer any other meaning. *Triple A Services, Inc. v. Rice* (1989), 131 Ill. 2d 217, 545 N.E.2d 706.

The ordinance in issue defines "restaurant" as "any public place at a fixed location kept, used, maintained, advertised and held out to the public as a place where food and drink is prepared and served to the public for consumption on or off the premises pursuant to the required licenses." (Chicago Municipal Code § 4—8—360 (1990).) The defendant asks us to read into the definition the requirement that a restaurant must be open for business before it comes within the defi-

nition in the ordinance. We must decline to do so. We agree with the city that the clear meaning of the ordinance expresses the legislative intent to include all nondefunct restaurants, whether they be open at a particular time or not. Even if we were to determine that there was some ambiguity in the ordinance, resort to rules of statutory construction would lead us to the same result. The immediately preceding subsection of the ordinance contains a time restriction providing that, "no operator of such vehicle shall park or stand such vehicle within 200 feet of *** a school or school playground while school is in session." (Chicago Municipal Code § 4—8—360(e) (1990).) It is clear, therefore, that the city council was aware of time restrictions that would exclude establishments not currently in operation when it drafted the ordinance in issue.

We agree with the city that the interpretation of the ordinance urged by the defendant would create enforcement problems for the police and compliance problems for mobile food vendors. A mobile food vendor might be within 200 feet of a number of restaurants. Under such circumstances, the police would have to determine whether any of the restaurants was open before issuing a citation. The city council could have reasonably decided that such a diversion of police power was not appropriate. On the other hand, to be assured of compliance with the ordinance, the mobile food vendor would have to determine that none of the neighboring restaurants was open before setting up shop and repeatedly check to make sure than none had opened and immediately cease sales once one did open.

For these reasons, the judgment of the circuit court is affirmed.

Judgment affirmed.

RAKOWSKI and GIANNIS, JJ., concur.