No. 2--05--1180                                      filed: 7/14/06

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| LOMBARD HISTORICAL COMMISSION, | ) | Appeal from the Circuit |
| THE FRIENDS OF THE DU PAGE THEATRE, | ) | Court of Du Page County. |
| LTD., and PETE KRAMER, | ) | |
| | ) | |
| Plaintiffs-Appellants, | ) | |
| | ) | |
| v. | ) | Nos.  05--MR--1234 |
| | ) |       05--MR--1235 |
| | ) | |
| THE VILLAGE OF LOMBARD, THE | ) | |
| LOMBARD VILLAGE PRESIDENT, | ) | |
| and THE LOMBARD VILLAGE TRUSTEES, | ) | |
| | ) | |
| Defendants-Appellees | ) | |
| | ) | |
| (National Trust for Historic Preservation in the | ) | Honorable |
| United States and Landmarks Preservation | ) |     Edward R. Duncan, Jr., |
| Council of Illinois, Intervenors-Appellants). | ) |     Judge, Presiding. |

PRESIDING JUSTICE GROMETER delivered the opinion of the court:

Plaintiffs, the Lombard Historical Commission (which has since withdrawn as a party), Pete Kramer, and The Friends of the Du Page Theatre, Ltd., filed in the circuit court of Du Page County two petitions for mandamus, which were subsequently consolidated. The National Trust for Historic Preservation in the United States and the Landmarks Preservation Council of Illinois, intervened in the action shortly thereafter. The trial court dismissed plaintiffs' and intervenors' (collectively, plaintiffs') cause. It found that the Lombard Historical Commission, Kramer, and The Friends of the

Du Page Theatre lacked standing. As to the remaining plaintiffs, it concluded that they had demonstrated no clear right to relief sufficient to support the issuance of a writ of mandamus. For the reasons that follow, we affirm.

The instant dispute arises out of the Village of Lombard's decision to demolish the Du Page Theatre, which has stood in Lombard since 1928 and is currently owned by the Village. The Lombard Historical Commission (Commission) sought to exercise its claimed authority to stay the demolition for six months while it tried to find an alternative use for the theater. The Village disregarded the Commission's attempt, and this action ensued. Plaintiffs sought to require defendants, the Village and its president and trustees, to comply with a portion of a village ordinance that, they claim, gave the Commission the authority it tried to exercise. The trial court dismissed plaintiffs' cause for the reasons set forth in the preceding paragraph.

On appeal, plaintiffs raise a number of issues. First, they contend that the trial court erred in finding that, under the village ordinance (Lombard Village Code §32.079(E)(3) (eff. February 10, 1982)), the Commission had no clear right to impose a stay of the demolition of the theater for the purpose of a writ of mandamus. Second, they contest the trial court's rulings concerning standing. As a preliminary matter, plaintiffs argue that the trial court should not have permitted defendants to convert their motion, which was originally brought under section 2--615 of the Civil Practice Law (735 ILCS 5/2--615 (West 2004)), into a section 2--619 motion (735 ILCS 5/2--619 (West 2004)).[1] They then argue that Kramer, The Friends of the Du Page Theatre, and the Commission all have standing. As the Commission is no longer a party, we need not consider whether it had standing.

_____

[1]Given our resolution of the standing issue, along with the Commission's withdrawal from these proceedings, this issue need not be addressed.

See *Owner--Operator Independent Drivers Ass'n v. Bower*, 325 Ill. App. 3d 1045, 1050 2001 , quoting *Jenner v. Wissore*, 164 Ill. App. 3d 259, 267 1988 ("The doctrine of standing is designed to insure that the courts are accessible to resolve actual controversies between parties and not address abstract questions, moot issues, or cases brought on behalf of others who may not desire judicial aid' "). We first address whether Kramer and The Friends of the Du Page Theatre have standing to seek a writ of *mandamus* in this case. Standing requires an injury to a legally protected interest. *Board of Trustees of Community College District No. 502 v. Department of Professional Regulation*, 363 Ill. App. 3d 190, 197 2006 . In determining that Kramer and The Friends of the Du Page Theatre lacked standing, the trial court relied on *Landmarks Preservation Council v. City of Chicago*, 125 Ill. 2d 164 1988 , where the supreme court refused to recognize the standing of several groups to challenge a Chicago ordinance that removed landmark status from the McCarthy building. The court found that the groups--Landmarks Preservation Council of Illinois and the Chicago Chapter, American Institute of Architects--lacked standing, noting that a party cannot gain standing merely through a self-proclaimed concern about an issue, no matter how sincere. *Landmarks Preservation Council*, 125 Ill. 2d at 175. The court specifically rejected, as bases for standing, both the aesthetic interests of these parties and their alleged right to participate in a public hearing regarding the ordinance where the municipality has bestowed that alleged procedural right apparently not as a legal entitlement but as a tool to assist the municipality in performing its legislative function. *Landmark Preservation Council*, 125 Ill. 2d at 175.

There exists one important difference between Landmark Preservation Council and this case. In *Landmark Preservation Council*, 125 Ill. 2d at 175, the McCarthy building was privately owned. Here, the Du Page Theatre is owned by the Village. Defendants argue that the Village owns the theater as a property owner, rather than in a governmental capacity, and that the Village is seeking to act as an ordinary property owner would. While defendants cite several cases to support their claim that

the Village's actions are outside the scope of governmental action for the purpose of mandamus relief (see, e.g., Lewis E. v. Spagnolo, 186 Ill. 2d 198, 230 (1999)), they cite nothing to support the proposition that a municipality may use property other than for the public benefit (O'Fallon Development Co. v. City of O'Fallon, 43 Ill. App. 3d 348, 353 (1976)). For the purpose of standing, we reject defendant's distinction.

Plaintiffs assert two reasons that Kramer and The Friends of the Du Page Theatre have standing. First, they contend that the labor and money that these parties have contributed to the theater vest them with an interest. This argument, as the trial court recognized, is foreclosed by Landmark Preservation Council, 125 Ill. 2d at 175, because, as that case held, self-proclaimed concern cannot vest one with standing. That this concern was manifested by voluntary contributions does not alter these parties' status with regard to the theater, as a gift vests one with no interest after it is alienated (cf. In re Marriage of Peshek, 89 Ill. App. 3d 959, 964 (1980) ("It is possible that a hearing on this issue would result in a finding that the parties have no interest in the property because they deeded the house to the Maidas as a gift ***")). Second, plaintiffs argue that these parties have standing because members of the public "have a protectable interest in ensuring that public officials follow the requirements of public statutes." American Federation of State, County, & Municipal Employees, Council 31 v. Ryan, 332 Ill. App. 3d 866, 876 (2002) (Myerscough, J., dissenting). Indeed, "a taxpayer has standing to bring suit, even in the absence of a statute, to enforce the equitable interest in public property which he claims is being illegally disposed of." Martini v. Netsch, 272 Ill. App. 3d 693, 696 (1995). Here, plaintiffs seek to prevent defendants from demolishing the Du Page Theatre, which is owned by the Village, in a manner that plaintiffs claim is inconsistent with a village ordinance. If proven, plaintiffs would be demonstrating that defendants are disposing of public property in a manner contrary to law. As such, Landmarks Preservation

Council provides no guidance, and, in accordance with the law set forth above, Kramer and The Friends of the Du Page Theatre have standing to bring this action. We now turn to the merits of this cause.

As plaintiffs filed petitions for a writ of mandamus, it was incumbent upon them to demonstrate a clear right to relief, a clear duty by defendants to act, and clear authority for defendants to comply with the writ. People ex rel. Waller v. McKoski, 195 Ill. 2d 393, 398 (2001). Mandamus is an extraordinary remedy, through which a public official can be compelled to perform a ministerial duty. People ex rel. Madigan v. Snyder, 208 Ill. 2d 457, 464 (2004). Typically, we will not disturb a trial court's decision regarding the propriety of a writ of mandamus unless the trial court abuses the discretion with which it is vested in these matters or its factual findings are contrary to the manifest weight of the evidence. 1350 Lake Shore Associates v. Hill, 326 Ill. App. 3d 788, 794 (2001). However, where a petition is dismissed under section 2--615 or section 2--619 of the Civil Practice Law (735 ILCS 5/2--615, 2--619 (West 2004)), review is de novo. In re Application of Anderson, 313 Ill. App. 3d 578, 581 (2000).

Plaintiffs rely on the following allegations in support of the existence of a clear right to relief. In 1969, the Village enacted an ordinance creating the Commission. Lombard Village Ordinances, Ordinance No. 1471 (eff. April 7, 1969). In 1982, the ordinance was revised. Lombard Village Code §32.075 et seq. (eff. February 10, 1982). The original ordinance provided no specific mechanism regarding classifying property as a historic site. The 1982 ordinance set forth such a procedure and vested the Commission with certain powers. Of relevance to this case, the 1982 ordinance states:

"The Commission shall have the authority to review all proposed alterations, regardless of whether or not they require a building permit. Alterations shall be defined as any work that

results in changes in the exterior form, shape or appearance of a building designated as a 'landmark site' which thereby destroys its original architectural integrity. No alterations will be made and no building permit issued in regard to property classified as a 'landmark site' to any applicant without a certificate of appropriateness *** [w]here such permit would allow the demolition of any building designated as a 'landmark site.' " Lombard Village Code §§32.079(E)(1), (E)(1)(b) (eff. February 10, 1982).

Also at issue here is the following portion of the ordinance:

"The Commission shall review an application for demolition and have the authority to delay said demolition for a period not to exceed six months, to enable the Commission to try to find a purchaser or alternate use for the building." Lombard Village Code §32.079(E)(3) (eff. February 10, 1982).

The Commission sought to invoke this latter provision in response to the Village's decision to demolish the theater.

The Du Page Theatre was built in 1928 and is currently owned by the Village. It is listed in the National Register of Historic Places. The theater has been eligible for and has received various grants designed to preserve it. On February 9, 1978, the Board of Trustees of the Village of Lombard (Board) designated the theater a "historically significant site." The minutes of the meeting in which the Board approved this designation read as follows:

"It was moved by Trustee Yangas, seconded by Trustee Garrity, that the Lombard Village Board accept the recommendation of the Lombard Historical Commission in re[] designating the Du Page Theatre as a historically significant site and allowing the waterfall lights to operate."

The motion was unanimously approved.

On June 2, 2005, the Board voted to demolish the theater. On September 1, 2005, the Historical Commission stated, in a letter to the Board, "We write to lodge our objections and to exercise our authority to stay demolition for six months while the Commission considers alternatives to demolition." The letter further noted the Village's rejection of grant money for the theater and reflected the Commission's understanding that the Village's motivation for so doing was to avoid scrutiny from the Illinois Historic Preservation Agency.[2] The Board disregarded the Commission's letter and began seeking to procure bids for demolition of the theater. Plaintiffs then instituted this action.

The trial court held that plaintiffs had not demonstrated a clear right to relief. It based its decision on the language of the 1982 ordinance, which requires that a building be designated a "landmark" for the Commission to have authority over it. The theater never received such a

[2]These facts have no bearing on the outcome of this cause, as "mandamus *will not issue to direct the manner in which a* discretionary act is performed [citation], even if the judgment or discretion has been erroneously exercised." Turner-El v. West, 349 Ill. App. 3d 475, 480 (2004).

designation. Instead, in 1978, the Board designated it a "historically significant site." We agree with the reasoning of the trial court. Because, however, this case turns largely upon the interpretation of these two ordinances, review is de novo. Hawthorne v. Village of Olympia Fields, 204 Ill. 2d 243, 254-55 (2003).

In construing an ordinance, the familiar principles of statutory construction apply. Illinois Wood Energy Partners, L.P. v. County of Cook, 281 Ill. App. 3d 841, 850 (1995). Thus, the plain language of an ordinance is the best indication of the intent of the body that enacted it. City of Chicago v. Gomez, 256 Ill. App. 3d 518, 519 (1993). In this case, that principle appears dispositive. In 1978, the theater was designated a "historically significant site." The 1982 ordinance gives the Commission the power to stay the demolition of a "landmark." Since the theater was never designated a "landmark," it would appear to be outside the scope of the Commission's authority. The terms do not appear interchangeable, and our supreme court recognized a distinction between "landmark" and "historic significance" when it wrote the following:

> "It appears to us that in bestowing powers on the National Trust in order to further this broad national policy, Congress intended to permit the National Trust to, inter alia, object to the allegedly unlawful destruction of buildings such as the McCarthy Building, which the National Trust deems of national historic significance, even if those buildings have not been officially declared national landmarks.' " Landmarks Preservation Council, 125 Ill. 2d at 177.

Indeed, the supreme court expressly juxtaposed the terms "historic significance" and "landmark" in the above-quoted passage.

Plaintiffs, however, contend that the terms are synonymous. Initially, we note that plaintiffs point out that ordinances are presumptively valid. City of Decatur v. Chasteen, 19 Ill. 2d 204, 210

(1960).[3]  This principle has no bearing on this case.  At issue is not whether the ordinance declaring

the theater a "historically significant site" is valid; rather, it is the meaning of that phrase.

---

[3]Counsel's citation to authority for this proposition fails to comply with Supreme Court Rule 6, which requires, <u>inter alia</u>, that "[c]itations of cases must be by title, to the page of the volume where the case begins, and <u>to the pages upon which the pertinent matter appears in at least one of the reporters cited</u>."  (Emphasis added.)  145 Ill. 2d R. 6.  We remind counsel that compliance with the supreme court rules is mandatory.  <u>Geers v. Brichta</u>, 248 Ill. App. 3d 398, 400 (1993).

Plaintiffs next note that the relevant portion of the 1982 ordinance is captioned, "Historical Sites; Designation and Maintenance," and that the balance of that portion of the ordinance refers to designating sites as "landmarks" but makes no reference to any other designation, such as "historically significant site." See Lombard Village Code §32.079. (eff. February 10, 1982). Hence, they conclude, the terms "landmark" and "historically significant site" are synonymous. We find this argument unpersuasive. The 1978 resolution declaring the theater a "historically significant site" was adopted approximately four years prior to the 1982 ordinance. Thus, it would have been impossible for the Board to have that latter scheme in mind when it made its original declaration. Since the 1982 ordinance did not exist at the time the theater was declared a "historically significant site," it provides no guidance in discerning the Board's intent. Moreover, the general rule is that ordinances, like statutes, are presumed to have only prospective effect. Hopkinson v. Chicago Transit Authority, 211 Ill. App. 3d 825, 835 (1991); City of Chicago v. Ballinger, 45 Ill. App. 2d 407, 414 (1964). Plaintiffs provide no reason to depart from this general rule, so we cannot hold that the 1982 ordinance had any substantive effect upon the Village's 1978 resolution. We further note that the power that the Commission sought to exercise here, to stay the demolition of the theater for six months, was not a part of its powers in 1978. We simply cannot say that the Board intended, in 1978, to vest the Commission with authority over the theater that the Commission did not even possess at the time.

Furthermore, the term "landmark" was not unknown in Illinois law in 1978, and had the Board so desired, it could have used the term then. See City of Chicago v. Roppolo, 113 Ill. App. 3d 602, 604-05 (1983). It has also been observed that a municipality can recognize the historical significance of a structure short of declaring it a "landmark." See Wakeland v. City of Urbana, 333 Ill. App. 3d 1131, 1141 (2002) ("We are aware of no case holding that a city must designate houses

on a street as historical landmarks before passing a zoning ordinance protecting the historical appearance or ambiance of the street").   Additionally, as defendants point out, declaring something a "landmark" under the 1982 ordinance requires more than a simple vote.  By the time of the 1978 resolution, it was recognized that designating a structure a landmark could, in certain circumstances, raise takings-clause issues.  Penn Central Transportation Co. v. City of New York, 438 U.S. 104, 57 L.Ed. 2d 631, 98 S.Ct. 2646 (1978).  The 1982 ordinance recognizes this by requiring both notice to property owners and a hearing.  Lombard Village Code §32.079(D) (eff. February 10, 1982).  While certainly not dispositive, that the designation of the theater as a "historically significant site" was accomplished by a simple vote of the Board provides some additional support for the notion that, by making this declaration, the Board did not view its actions to be of the character necessary to designate a building a landmark.

Black's Law Dictionary provides further support for this distinction.  We recognize that the current edition defines "landmark" as "[a] historically significant building or site."  Black's Law Dictionary 883 (7th ed. 1999).  However, it also recognizes, in the definition of  "historic site," that "[a] historic site usu[ally] cannot be altered without the permission of the appropriate authorities."  Black's Law Dictionary 736 (7th ed. 1999).  Thus, not all historic sites are protected.

Even if we were to equate "landmark" and "historically significant site," it would be dubious indeed to ascribe to the Board an intent to place the theater within the jurisdiction of the Commission, as the Commission did not have that authority in 1978 and, as the definitions in Black's Law Dictionary show, not all historic sites are protected.  In other words, to find for plaintiffs, we would first have to equate the two terms.  Then, we would have to find that the Board intended to vest the Commission with a power it did not posses at the time of the designation.  Additionally, we would have to ignore the common meanings of the terms, which do not necessarily signify equal

status.  This chain of reasoning is simply too tenuous to support a clear right to relief as is required to support a <u>mandamus</u> action.

Before closing, we also reject plaintiffs' contention that the trial court resolved questions of fact and drew inferences against plaintiffs when deciding the motion to dismiss.  Doing so would, of course, be improper.  <u>Marshall v. Burger King Corp.</u>, 355 Ill. App. 3d 685, 688 (2005).  The dispositive issue, however, is the meaning of the terms "historically significant site" and "landmark."  The interpretation of a legislative enactment is a question of law, not one of fact.  <u>Victory Auto Wreckers, Inc. v. Village of Bensenville</u>, 358 Ill. App. 3d 505, 507 (2005); <u>National Conference of Bar Examiners v. Multistate Legal Studies, Inc.</u>, 495 F. Supp. 34, 36 N.D. Ill. 1980 ("Thus the plaintiffs' motion to strike is based on a question of statutory interpretation, not a question of fact").  Such issues are properly resolved on a motion to dismiss.  See <u>Eads v. Heritage Enterprises, Inc.</u>, 204 Ill. 2d 92, 96 (2003).

In sum, plaintiffs failed to demonstrate a clear right to relief as is necessary to support a <u>mandamus</u> action.  See <u>Lee v. Findley</u>, 359 Ill. App. 3d 1130, 1134 (2005).  Though the trial court improperly concluded that Kramer and The Friends of the Du Page Theatre *lacked standing*, we may affirm on any basis apparent in the record.  <u>Larson v. O'Donnell</u>, 361 Ill. App. 3d 388, 397 (2005).  Since plaintiffs did not establish a clear right to the issuance of a writ of <u>mandamus</u>, we affirm the trial court's judgment.

Affirmed.

BOWMAN and CALLUM, JJ., concur.